Associate Justice WEST did not sit in this case.

---

## MARSHALL WELLS v. GEO. W. LITTLEFIELD.

(Motion No. 81.)

1. JURISDICTION — MANDAMUS.— The writ of *mandamus* can be issued by the supreme court only for the purpose of enforcing its appellate jurisdiction.
2. JURISDICTION.— When the appellate jurisdiction of the supreme court attaches, either by appeal or writ of error, it continues until the case as made on appeal or error is fully determined, and until the judgment of the supreme court is completely executed by the court below; and until then it may enforce that judgment by *mandamus*.
3. STATUTE CONSTRUED.— Article 1048 of the Revised Statutes construed, and the conclusion announced that the supreme court may so reverse and remand a cause as to restrict the power of the district court to a new trial on such specified issues in the case as are not determined by the opinion. Citing Chambers v. Hodges, 3 Tex., 517, and other cases.
4. JUDGMENT — MANDATE.— When a cause is reversed and remanded, the district judge should, to ascertain what issues are involved in the new trial, look to the opinion which accompanies the mandate, as well as to the mandate. When, therefore, the opinion directs the district judge to render judgment against a party to a cause which the supreme court has considered on appeal, no new trial can be had on issues already made, on any facts existing before the date of the former trial.
5. EVIDENCE.— On the trial of a suit by sequestration, the replevin bond is not properly evidence before a jury. When, in such a suit, the defendant recovers, and the plaintiff has replevied, the bond is looked to by the presiding judge to ascertain whether the statutory judgment shall be rendered against the sureties on it.
6. APPEAL — MANDAMUS.— When a district judge fails to obey the mandate of the supreme court in entering judgment in a cause which has been remanded, the remedy of the injured party is by *mandamus* and not appeal.

Geo. W. Littlefield sued Wells for cattle and procured their seizure under writ of sequestration. Littlefield replevied the property. On the trial judgment was rendered for plaintiff for the property, which on appeal was reversed on June 5, 1883, and the cause remanded, with directions to the court below to enter such judgment in favor of the then appellant, Wells, as under the law announced in the opinion he was entitled to on the former trial, and to allow him such recovery as he had a right to in the state of the record below had the decision there been in his favor upon the trial of the right to the property in controversy. Thereafter, in the court below, on December 8, 1883, judgment was rendered in obedience to the mandate and opinion, but was afterwards, on motion of Littlefield, set aside, on a showing by him of newly-discovered evidence. Wells filed thereafter his motion in the district court asking that judgment be again entered in accordance with the mandate and opinion of the supreme court, which was overruled. Application was then made to the supreme court for a writ of *mandamus* to compel the Hon. W. A. Blackburn, the district judge, to obey the mandate of the supreme court.

It is regretted that the return of the district judge to the writ is not found among the papers of the cause, nor can it be found. Its character, however, may be plainly inferred from the opinion.

*Mathews & Wilkes*, for relator, on the power of the supreme court to reverse a cause, with directions as to what judgment should be entered below, cited: Peters v. Caton, 6 Tex., 559; Wood v. Wheeler, 7 Tex., 13, and 9 Tex., 127; Chambers v. Hodges, 3 Tex., 517.

On the duty of the district court to obey implicitly the mandate, they cited: Wood v. Wheeler, 9 Tex., 127; Lowell v. Ball, Hutchings & Co., vol. 1, No. 15 of Tex. L. Rev.; Gilston v. Codwise, 1 Johns. Chan. Rep., 194 and 196; Sibbald v. United States, 12 Pet., 491; Chambers v. Hodges, 3 Tex., 517; N. C. R. R. Co. v. Swepson, 73 N. C., 316; Henderson v. Winchester, 31 Miss. (2 George), 294; Williams v. Saunders, 5 Coldw. (Tenn.), 82; Lord v. Ellis, 11 Ia., 170; Pomeroy v. Parmlee, 10 Ia., 154; Brown v. Crow, Hardin (Ky.), 447; Cox v. Thomas, 11 La., 367; Lovelace v. Taylor, 6 Robinson (La.), 92; McGregor v. Buell, 1 Keyes, 157, and 17 Abb. Prac., 34; Hurck v. Erskine, 50 Mo., 118; Selden v. Vermilya, 3 Sandf., 684.

On their right to a *mandamus* they cited: High on Ex. Remedies, secs. 230 and 255; Johnston v. Glasscock, 2 Ala., 522 and 523; State

*ex rel.* Veeder *v.* Collins, 5 Wis., 339; Jared *v.* Hill, 1 Blackf. (Ind.), 155 and 156; *Ex parte* Milwaukee R. R. Co., 5 Wall., 825; People *v.* Bacon, 18 Mich., 253.

. *Fisher & Fisher* and *W. Acker*, for respondent, cited: Sec. 3, art. 5, State Constitution 1876; sec. 3, art. 4, Constitution 1845.

On their construction of the powers of the supreme court in directing the entry of judgment below, as referred to in the opinion, they cited: R. S., arts. 1048, 1050.

That *mandamus* is not the remedy to control the exercise of a discretionary power, they cited: R. S., arts., 1368, 1418; High on Extraordinary Legal Remedies, sec. 149; Insurance Co. *v.* Adams, 9 Pet., 573; *Ex parte* Railway Co., 101 U. S., 711; *Ex parte* Burtis, 103 U. S., 238; *Ex parte* Loring, 94 U. S., 418; Crawford *v.* Addison, 22 How., 174; *Ex parte* Bradstreet, 8 Pet., 589; *Ex parte* Many, 14 How., 24; *Ex parte* Whitney, 13 Pet., 404; State *v.* Judge Sixth District, 26 Am. Rep., 115.

Willie, Chief Justice.— The return of the Hon. W. A. Blackburn, judge of the seventeenth judicial district, to the alternative *mandamus* heretofore issued in this cause, does not controvert the jurisdiction of this court as exercised in the issuance of the writ. Counsel for the respondent have, however, in argument, questioned that jurisdiction, and to this point we give our first attention.

The jurisdiction exercised in issuing the writ of *mandamus* is either original or appellate. High. on Ex. Leg. Rem., § 27.

Under our constitution the supreme court has appellate jurisdiction only, and issues the writ of *mandamus* for the purpose solely of enforcing that jurisdiction. Const., art. V, sec. 3.

So soon as the jurisdiction attaches under an appeal or writ of error, this court has full control of the cause, and can make such orders concerning it as may be necessary to preserve the rights of the parties and enforce its mandates. This jurisdiction continues until the case, as made by the appeal or writ of error, is fully determined by this court and its judgment is completely executed by the court below. If the judgment below is affirmed, or reversed and rendered or reformed, this court can see that the party in whose favor its decision has been given has the benefit of all proceedings below necessary to enforce its judgment. If remanded for a new trial, it retains control until the new trial is allowed in accordance with its mandate. If reversed and sent down to have some special judgment rendered by the court below, jurisdiction remains till that

particular judgment is entered up, and the mandate of the court obeyed. For the purpose of enforcing all such orders coming within the appellate jurisdiction of the court it may resort to the writ of *mandamus*, or any other appropriate writ known to our system of jurisprudence.

But it is urged that the writ cannot be used in this instance because the supreme court cannot reverse and remand a cause except for a new trial upon all the issues in the case, both those which were and those which were not determined by the court in passing upon the appeal.

This view seems to be based upon the language of our Revised Statutes, art. 1048, which provides that "where it is necessary that some matter of fact be ascertained, or the damages to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below."

This article is the same as that contained in the act in force at the time the Revised Statutes were adopted, with the exception that the words " new trial in the court below " are used in the Revised Statutes, instead of the words " definite decision " which occur in the former act.

There is but little material variance between these two expressions, and in the case of Chambers *v.* Hodges, 3 Tex., 517, they were treated by Chief Justice Hemphill as having a similar meaning.

We do not consider that by the use of the words " new trial " it was meant that, no matter what might be the decision of this court, or how far it had settled the rights of the parties, in every case where a cause was remanded it should be re-opened upon all the issues which could possibly arise in it, both those which were determined and those which were not by the decision of the supreme court. Examples readily occur in which this court may close investigation as to points passed upon in its opinion, but permit it as to others which it is necessary to ascertain, before a proper judgment disposing of the rights of the parties can be pronounced. For instance, in a suit for land where judgment has gone for a defendant who had pleaded improvements made in good faith. If that judgment is reversed, the court might well render its judgment decreeing the land to the plaintiff, but remanding the cause for the purpose of ascertaining the value which should be allowed the defendant for his improvements. For other instances, see Wood *v.* Wheeler, 7 Tex., 25, and Anderson *v.* Powers, 59 Tex., 213.

The language of the statute itself seems to imply that the very facts which are wanting so as to prevent this court from fully dis-

posing of the case are those which the new trial may be given to ascertain. At least that it would not be out of the power of the court to remand the cause for a definite finding of these facts alone.

It has been the practice of this court from its earliest days down to the present time to reverse and remand causes to the district court, and to enter up judgments in accordance with their decisions. Chambers v. Hodges, 3 Tex., 517; Peters v. Caton, 6 Tex., 359; Wood v. Wheeler, 7 Tex., 13; S. C., 9 Tex., 127; Anderson v. Powers, 59 Tex., 213; Cowan v. Nixon, 28 Tex., 240.

This having been the uniform practical construction given to the act in force before the Revised Statutes were adopted, and the latter having adopted substantially the language of that act, it must have been the intention of the legislature that the same interpretation should be applied to the new statutes. Hillebrand v. McMahan, 59 Tex., 450; State v. Smith, 55 Tex., 447.

We think this court had authority to remand the cause to be disposed of as required in the opinion of the court.

But it is further contended that in giving its directions to the lower court as to the further proceedings to be had in the suit, this court allowed the former a judicial discretion which could not be controlled by a *mandamus*.

To ascertain what judgment was to be rendered, we must look as well to the opinion of the court accompanying the mandate as to the mandate itself. West v. Brashear, 14 Pet., 51.

The opinion directs the court to render judgment in favor of Wells. That part of it is peremptory, and certainly leaves no discretion with the district court as to the party in whose favor the judgment must be entered up. If upon a new trial it should appear, by newly-discovered evidence or otherwise, that such a case had been made out as entitled Littlefield to recover, and the court should accordingly give judgment against Wells, the order of the court would be disobeyed. The very terms of the opinion preclude all possibility of a new trial upon any issues already made, or facts transpiring before the time of the former trial.

As to the nature of the judgment to be rendered, it is such as the district court should have rendered had its finding been in favor of Wells instead of Littlefield on the former trial of the case.

We will treat the question as if this part of the mandate left something within the judicial discretion of the court. How far did this discretion extend? Only so far as to determine from the records of the court as they existed at the time of trial the precise

judgment which should be rendered in favor of Wells. If the court proceeded to make a new record, or rendered judgment under any circumstances against Wells, it would clearly exceed the limits of its authority.

Hence, the admission of new evidence was beyond the power of the court. In looking into the replevin bond it did not receive new evidence. The bond is properly no part of the testimony, but a portion of the record, of which the court is compelled to take notice without attention being called to it. Upon a jury trial it is no proper instrument to be submitted to them, because it bears in no respect upon the issue they pass upon. When the judge performs the functions of a jury he does not consider the bond as a matter of evidence, but after he has determined that the defendant is entitled upon the proof to a recovery, he looks to the bond as a part of the record, to see whether or not he shall render the statutory judgment against the sureties.

It is just here that the mandate allowed him, if at all, the use of some degree of discretion, denying its exercise as to any of the previous matters. If the bond was invalid, of course the judge would be authorized to deny a judgment against the sureties, but it must still be in favor of Wells. If valid, he must enter it up against the sureties, and this was what the court did in its judgment of December 8, 1883, and its action was entirely proper and correct. But when it afterwards proceeded to set this judgment aside, not for any error of the court in passing upon the bond or the then present record of the cause, but on account of facts transpiring previously to the trial, it passed the bounds of the discretion allowed it, and trespassed upon a domain clearly closed to it by the mandate issued from the supreme court. It proposed to make a new record, when we had ordered that the record as it then stood should alone be considered. It proposed to imperil the right of Wells to a judgment, when the mandate and opinion declared that it should under any and all circumstances be rendered in his favor.

We think, therefore, that in setting aside the judgment of December 8, 1883, which had been properly rendered in accordance with our mandate, in order to let in newly-discovered testimony, the court exercised a discretion not left to it under the directions contained in an opinion rendered in this cause, and that it is our duty to enforce our said orders and our appellate jurisdiction through the writ of *mandamus*.

If the ground taken by respondent's counsel, that we cannot issue the writ because the relator has his remedy by appeal, is to prevail,

then this court will be without power to enforce its judgments in any cause.

If the district court disobeys our mandate and the injured party appeals, and we again decide in his favor, that court may again disobey, and by continuing this course deprive us of all power to right any wrong which may be committed below. The position of the two courts will be changed. The district court will become the tribunal of last resort, and this court rendered subordinate to it in every respect.

Upon an examination of the authorities cited by appellant, we find but one in which the *mandamus* claimed was asked in a case where the appellate jurisdiction of the supreme court had attached, and the views of the supreme court of the United States in that case are entirely in accord with those expressed in this opinion. See *Ex parte* R'y Co., 101 U. S., 711.

The following authorities, among many others, fully sustain the views herein announced, and warrant our action in issuing the present *mandamus:* Johnston *v.* Glasscock, 2 Ala., 522; Veeder *v.* Collins, 5 Wis., 339; *Ex parte* Milwaukee R. R. Co., 5 Wall., 825; People *v.* Bacon, 18 Mich., 247; Sibbald *v.* United States, 12 Pet., 491; Lovelace *v.* Taylor, 6 Rob. (La.), 92; McGregor *v.* Buell, 1 Keyes, 151; Hurck *v.* Erskine, 50 Mo., 118.

We may add that we cheerfully acquit the distinguished district judge to whom the *mandamus* was directed of any intentional disobedience to the mandate of this court. His well known high character and enviable reputation are sufficient without reference to the statements contained in his return to assure us that he has failed to enter our orders as directed, solely from a misunderstanding of their scope and extent.

A peremptory *mandamus* will issue immediately commanding that the orders contained in the alternative writ heretofore granted be observed and obeyed on or before the 20th day of the present month.

MOTION GRANTED.

[Opinion delivered June 13, 1884.]

Justice WEST declined to take part in the decision of this motion.