**WARREN E & P, INC. f/k/a Petroleum Development Corp., d/b/a Pedeco, Inc.; Warren Resources, Inc.; & Oil Technology Fund 1996—Series D, L.P., Appellants**

v.

**GOTHAM INSURANCE COMPANY, Appellee.**

No. 04–05–00186–CV.

Court of Appeals of Texas, San Antonio.

April 26, 2006.

Rehearing Overruled July 6, 2006.

Michael G. Maloney, Robert Tyler, Tiffany Hildreth, Strasburger and Price, L.L.P., C.A. Davis, Elizabeth C. Bloch, Brown McCarroll L.L.P., Austin, Thomas H. Crofts, Jr., Jacqueline M. Stroh, Crofts & Callaway, P.C., San Antonio, for Appellant.

Karen K. Milhollin, Westmoreland Hall, P.C., Houston, for Appellee.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## MEMORANDUM OPINION

Opinion by: CATHERINE STONE, Justice.

This is the second appeal arising from a dispute between the parties relating to the payment of insurance proceeds following an oil well blow-out. Appellants, Pedeco Inc., Warren Resources Inc. (WRI), and Oil Technology Fund 1996—Series D, L.P. (Fund), present four issues on appeal complaining that the trial court erred in the procedure it followed on remand, including its failure to consider additional claims, and in awarding Gotham Insurance Company restitution in the amount of $1,823,156.27 and attorney's fees. We reverse the trial court's judgment awarding Gotham attorney's fees and, because the trial court erred in failing to conduct "further proceedings" on the amount of restitution Gotham was entitled to be awarded, we also reverse the restitution award. The remainder of the trial court's judgment is affirmed.

### BACKGROUND

The facts and procedural history of this case prior to the remand are summarized in the opinion issued by this court resolving the first appeal. *See Gotham Ins. Co. v. Petroleum Development Co.*, No. 04–01–00375–CV, 2003 WL 21696625 (Tex.App.-

San Antonio July 23, 2003, pet. denied) (*Gotham I* ). On remand, Gotham filed a Motion to Enter Final Judgment and a Motion for Attorney's Fees; Pedeco filed an amended answer and amended counterclaim; and the appellants filed a motion for partial summary judgment to limit the amount of restitution to $22,500. After a hearing on the motions, the trial court granted judgment in favor of Gotham.

## Law of the Case and Remand

The law of the case doctrine is the principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986). By narrowing the issues in successive stages of the litigation, the doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency. *Id.* The doctrine is based on public policy and is aimed at putting an end to litigation. *Id.*

When an appellate court remands a case and limits a subsequent trial to a particular issue, the trial court is restricted to a determination of that particular issue. *Id.* In a subsequent appeal, instructions given to a trial court in the former appeal will be adhered to and enforced. *Id.* In interpreting the mandate of an appellate court, the courts should look not only to the mandate itself, but also to the opinion of the court. *Id.*

In their first and second issues, the appellants assert, in part, that the trial court erred in failing to consider their claims relating to pollution and seepage coverage under the insurance policy. In *Gotham I,* we noted that Gotham intervened in a pending lawsuit seeking reimbursement of the insurance benefits it paid on behalf of Pedeco, and Pedeco counterclaimed for: (1) breach of contract; (2)

bad faith; and (3) violations of the Texas Insurance Code. 2003 WL 21696625, at *2. To determine whether any of these claims remained pending before the trial court on remand, we examine our opinion and mandate in *Gotham I*. *Hudson,* 711 S.W.2d at 630. In *Gotham I,* we affirmed the trial court's summary judgment in favor of Gotham on Pedeco's counterclaims for bad faith and violations of the Texas Insurance Code; therefore, neither of those claims remained pending before the trial court. 2003 WL 21696625, at *8. In addition, we "render[ed] judgment in favor of Gotham that Pedeco take nothing on its breach of contract *counterclaims.*" *Id.* (emphasis added). Accordingly, all of Pedeco's counterclaims relevant to Gotham's liability under the policy were disposed of in *Gotham I,* and no claim relevant to Gotham's liability was remanded to the trial court for further consideration.

Gotham argues that under the law of the case it is entitled to restitution. We agree. The language in *Gotham I* clearly indicated this court's intention that Gotham be awarded restitution. This court stated, "[W]e hold Gotham is entitled to restitution of the benefits paid to Pedeco. Therefore the trial court erred in denying Gotham's motion for summary judgment on its restitution claim against Pedeco." *Gotham I,* 2003 WL 21696625, at *7. Additionally, this court stated, "WRI and the Fund passively benefitted from and were unjustly enriched by Gotham's payment. . . . We therefore hold the trial court erred in granting WRI's and the Fund's motion for summary judgment on Gotham's claim for restitution and in denying Gotham's." *Id.* at *8. Because *Gotham I* unequivocally held Gotham was entitled to restitution making it the law of the case, the trial court did not err when it held that Gotham is entitled to restitution.[1]

## RESTITUTION AMOUNT

Gotham argues the amount of restitution ($1.8 million) was decided in *Gotham I* and also is the law of the case. Gotham asserts that the only "particulars" which remained to be determined on remand were the amount of attorney's fees and whether the appellants were jointly or severally liable. As support for its contention that the $1.8 million was established as the law of the case, Gotham quotes the following statements from *Gotham I*: "Gotham paid into the...escrow account $1,823,156.27 for losses related to the blow-out..."; and "[t]he parties do not dispute Gotham initially paid Pedeco $1,523,156.27 for losses related to the blow-out." *Id.* at *2, 8.[2]

▪ Appellants contend that the amount Gotham was entitled to be awarded for restitution was reopened for litigation on remand. Appellants assert that this court could not render a judgment on the amount of restitution because Gotham's motion for summary judgment prayed for a judgment of liability but failed to state a specific dollar amount.

▪ Gotham's motion for summary judgment sought judgment based on several different theories; however, Gotham's motion did not pray for a specific recovery amount pursuant to any particular theory. Because Gotham failed to pray for or conclusively establish a specific amount it should recover in restitution and because "the judgment that should have been rendered [was] not at all obvious" to this court, we remanded the restitution claims for further proceedings. *Gotham I*, 2003 WL 21696625, at *8. This comports with the general rule that a court cannot grant more relief than is requested in a motion for summary judgment. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex.1997). Because the amount of restitution was not established as the law of the case in *Gotham I*, the amount of restitution was a proper issue for the trial court to determine on remand.

▪ Appellants contend the trial court erred when it granted Gotham's Motion to Enter Judgment and Motion for Attorney's Fees without conducting at least a summary judgment proceeding, if not a new trial. In *First State Bank of Bishop v. Grebe*, 162 S.W.2d 165 (Tex.Civ.App.-San Antonio 1942, writ ref'd w.o.m.), this court considered the meaning of the phrase "further proceedings consistent with this opinion." Initially, this court noted that the qualification "consistent with the opinion" is an understood qualification that "is implied by necessity, so that, at least usually, it adds nothing to the result to write it into the opinion or include it in the mandate." *Grebe*, 162 S.W.2d at 168. This court further noted that in ordering a remand, the Supreme Court "not only did not render judgment for appellee, but by

1. WRI and the Fund assert that they are covered under the insurance contract pursuant to a co-venturers clause because this court, in *Gotham I*, held the JOA was applicable. *Id.* at *1–3. As a result, appellants argue this issue also was reopened on remand. We disagree. In *Gotham I*, this court held Gotham was entitled to restitution from WRI and the Fund because they were "unjustly enriched by Gotham's payment of the insurance proceeds under the mistaken belief that there was coverage." *Id.* at *7.

2. While appellants do not dispute that $1.8 million was paid into the escrow account as a result of the blow-out, they do dispute that Gotham paid this entire amount. Pedeco's motion for summary judgment, which Gotham claims judicially admitted that Gotham paid $1.8 million, actually states, "Gotham *and* the *Lloyds Syndicate* agreed...and paid...the total sum of [$1.8 million] out of the $2 million policy limits available...."

implication held that it was not a case for rendition or authorizing or directing the trial court to render that or any other particular judgment." *Id.* at 169. Instead, "[t]he order to the trial court was in effect, simply, that the trial judge proceed with a new trial and render judgment upon the new record in accordance with the principles and holdings announced in the opinion of the Supreme Court." *Id.* On remand, the appellee filed no pleading other than a formal motion for judgment. *Id.* at 170. "The trial court overruled appellant's general demurrer to that motion, refused appellant's demand for [a] jury, refused to allow appellant to introduce any evidence, heard no evidence from either party on the merits or on appellee's motion for judgment, and, granting that motion, rendered judgment for appellee...." This court held that the trial court erred "in refusing appellant's demand for retrial on the merits." *Id.*

Similarly, in this case, this court stated in *Gotham I* that "the judgment that should have been rendered [was] not at all obvious." 2003 WL 21696625, at *8. Although this court only remanded the restitution claims, the order to the trial court was "in effect, simply, that the trial judge proceed with a new trial" on the amount of the restitution to be awarded and "render judgment upon the new record in accordance with the principles and holdings announced in" *Gotham I*, namely that Gotham was entitled to restitution. *Grebe*, 162 S.W.2d at 169; *see also Gordon v. Gordon*, 704 S.W.2d 490, 491–92 (Tex.App.-Corpus Christi 1986, writ dism'd) (holding remand of property division in divorce case required evidentiary hearing with respect to the property division). This court's mandate to conduct further proceedings consistent with *Gotham I* required the trial court to do more than enter judgment on Gotham's motion to enter judgment.

The amount of restitution was a proper question before the trial court on remand, and the trial court erred when it granted Gotham's Motion to Enter Judgment without conducting further proceedings.

## ATTORNEY'S FEES

█ Gotham contends that the attorneys's fees were a "particular" of restitution properly before the trial court on remand; however, appellants assert that Texas law does not provide a legal right to recover attorney's fees in an action for restitution. *See Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex.1992) (providing that any recovery of attorney's fees must be authorized by statute, contract, or equity). Appellants admit that attorney's fees are properly recoverable under the Uniform Declaratory Judgment Act (UDJA); however, they argue that neither *Gotham I* nor the trial court's judgment on remand awarded recovery under any of Gotham's prayers for a declaration. Specifically, appellants state that the only declaration Gotham requested was whether the contract was void pursuant to a breach of a condition or warranty under the contract. We agree with appellants.

In Gotham's second amended petition, it prayed for "a declaration that the insurance [contract] is void," due to a breach of one of the warranties or conditions in the contract. In *Gotham I*, this court did not render judgment that the contract was void, thus Gotham does not have a proper claim for attorney's fees under the UDJA. *See Hartford Cas. Ins. Co. v. Budget Rent–A–Car Sys., Inc.*, 796 S.W.2d 763, 771 (Tex.App.-Dallas 1990, writ denied) (holding that the defendant did not invoke the attorney's fees provision of the UDJA).

## CONCLUSION

We reverse the portion of the trial court's judgment awarding restitution

damages in the amount of $1,823,156.27, and the interest thereon. We remand the restitution claims to the trial court for further proceedings to determine the amount of restitution to award to Gotham. We stress that the scope of remand is limited to the trial court's determination of the amount of restitution to award to Gotham and the applicable interest thereon. We also reverse the portion of the trial court's judgment awarding attorney's fees in favor of Gotham and render judgment that Gotham take nothing on its claim for attorney's fees. The remainder of the trial court's judgment is affirmed.