**S. J. KELLEY CONST. CO. et al.**

v.

**PAGE.**

No. 3172.

Court of Civil Appeals of Texas.

Waco.

May 27, 1954.

Rehearing Denied June 24, 1954.

Robert L. Sonfield, Houston, for appellants.

Bracewell & Tunks, Joe H. Reynolds, Houston, for appellee.

HALE, Justice.

A correct disposition of the present appeal turns upon a proper construction of a prior judgment and opinion rendered and handed down in this cause on March 19, 1953 by the Court of Civil Appeals for the First Supreme Judicial District of Texas, hereinafter referred to as the Galveston Court, in the case of Page v. S. J. Kelley Const. Co., Tex.Civ.App., 256 S.W.2d 595, 598 (er. ref. n. r. e.).

By referring to the published report of the opinion on the prior appeal, it will be noted that the Galveston Court stated therein that "the judgment of the trial court must be reversed and the cause remanded." In the judgment of the Galveston Court it was ordered that "the judgment of the court below be reversed and the cause remanded for further proceedings in accordance with the opinion of this Court." It was further ordered that Page pay one-half of the costs of appeal and that S. J. Kelley Construction Company et al. pay the other one-half of the costs of appeal.

After the mandate from the Galveston Court had been returned to the court below, George B. Page, hereinafter referred to as plaintiff, filed in the trial court his motion for judgment in his favor based upon the judgment and opinion of the Galveston Court. This motion was granted over the objection of S. J. Kelley Construction Company hereinafter referred to as defendants, and judgment was accordingly rendered in favor of plaintiff for the title and possession of the land in controversy and against defendants on their cross-action, such judgment having been rendered in a summary fashion without a retrial of the case. Defendants duly perfected their appeal to the Galveston Court and the appealed cause is now properly pending in this Court for review by reason of a transfer ordered by the Supreme Court.

It was the contention of plaintiff in the trial court, and it is his contention here, that under a proper construction of the judgment and opinion rendered and handed down by the Galveston Court, he was entitled, without a retrial of the case, to a judgment in his favor on the verdict which the jury had returned in the former trial. On the other hand, it was and is the contention of defendants, as shown by their verified plea in abatement in the trial court

and by their brief in this Court, that the legal effect of the judgment and opinion of the Galveston Court on the former appeal was to remand the cause to the court below for another trial. Therefore, defendants say the court erred to their prejudice in rendering judgment against them without a retrial.

Although a correct disposition of the question thus presented for our decision is not entirely free from doubt, we have concluded that the intended purpose and legal effect of the judgment of the Galveston Court on the former appeal was to remand the cause in its entirety to the court below in order that a new trial on the merits might there be had in accordance with the rules of law announced in the opinion of the appellate court. If such was not the intended purpose of the order of remand, then we see no reason whatsoever why judgment was not rendered on the appeal in accordance with the provisions of Rules 434 and 435, Texas Rules of Civil Procedure, with all costs of the appeal, as well as all costs in the trial court, taxed against defendants, thereby terminating the litigation. We cannot ascertain with any degree of certainty from the record before us why the Galveston Court considered that the ends of justice would be better served by a remand of the cause than by the rendition of such judgment as the trial court should have rendered. However, it is not necessary for us to resort to speculation as to what such reason or reasons might have been because, as said by the Supreme Court in the case of London Terrace, Inc. v. McAlister, 142 Tex. 608, 180 S.W.2d 619, 620: "Our appellate courts exercise a generous discretion in remanding cases after reversal."

Furthermore, it has been definitely held that an opinion and mandate from an appellate court remanding a cause for further proceedings "in accordance with this opinion", when not modified by more specific instructions, has the legal effect of remanding the cause for a new trial on all issues of fact. Roberts v. Armstrong, Tex.Com. App., 231 S.W. 371, 375; First State Bank of Bishop v. Grebe, Tex.Civ.App., 162 S.W. 2d 165 (er. ref. w. m.). It appears to us that the holding in these cases is decisive of the controlling question presented on this appeal. Plaintiff has not cited any case which supports his contention and we have found none.

Notwithstanding the able argument of counsel for plaintiff to the contrary, we think the trial court erred in rendering judgment against defendants without a retrial. Therefore, the judgment here appealed from will be reversed and the cause will be remanded to the court below for another trial in accordance with the former opinion of the Galveston Court.

Reversed and remanded.