The CITY OF MERKEL, Appellant,

v.

Ernest SMITH, Appellee.

No. 4390.

Court of Civil Appeals of Texas, Eastland.

Sept. 25, 1970.

Allen Glenn, Glenn & Thomas, Abilene, for appellant.

Stanley Wilson, McMahon, Smart, Sprain Wilson & Camp, Abilene, Leon Thurman, Anson, for appellee.

COLLINGS, Justice.

Mr. and Mrs. Ernest Smith filed suit in Jones County against the City of Merkel to recover damages because of alleged permanent injury to their farm in that county resulting from affluent discharged from the new sewage treatment plant of the city. The case was tried before a jury and based upon the verdict, judgment was rendered for plaintiffs in the sum of $12,312.50. The City of Merkel has appealed.

■ Appellant's first point complains of the action of the court in admitting into evidence alleged hearsay testimony. Appellee Smith was permitted to testify over objection that when the City built its new sewage system and turned it on, appellee told the mayor not to "turn the water" on him, that he didn't want it coming across his land. He further testified over objection that the mayor advised him that the water discharged by the City's sewage treatment plant "would never get down to his place, that someone would use it for irrigation purposes before it reached him." Appellee also testified that when the next mayor was elected and qualified as such he talked with that mayor. He stated that the mayor "just kind of laughed and said 'maybe it will come a big rain and then dry up' and turned around and walked off." Appellant's complaint in its first point is that the statements in question were hearsay and that their admission was prejudicial. The point is overruled. The statements complained of were in each case made by the then mayor of the City of Merkel in reply to complaints by appellee, in effect, notifying the City that appellee was claiming his land would be damaged by the installation and operation of the City's new sewage dis-

posal plant. The mayor is the chief executive officer of a city. The statements by the mayors, indicating the contention of the City that the new sewage plant would not damage appellee's land were not hearsay. Neither was the admission in evidence of such statements so prejudicial as to require a reversal of the case. City of Austin v. Howard, 158 S.W.2d 556, (Tex.Civ.App. 1942, err. ref.).

■ In answer to special issues the jury found that the affluent from appellant's sewage plant had caused an abnormal rise in the water table under appellee's land, and that such condition constituted a nuisance which had caused damage to appellees' land. The jury further found, in answer to special issue number 6, that such damage was permanent. Appellant does not complain of any insufficiency in the evidence to support these findings. Special issue number 6 and the accompanying instructions by the court and the answer of the jury thereto were as follows:

"Do you find from a preponderance of the evidence that the damage, if any, to the Ernest Smith land, as a result of the operation of the Merkel Sewage Treatment Plant, is 'temporary' or 'permanent'. Answer 'temporary' or 'permanent'.

ANSWER: PERMANENT

You are instructed that the term 'permanent' as used in this issue carries with it the idea of something that is durable, continuous and lasting. You are further charged, however, that damage to land may be permanent without being perpetual, depending upon the surrounding facts and circumstances.

You are instructed that the term 'temporary' means that which is not durable, continuous or lasting."

In appellant's second and third points it is contended that the court erred in its

definition of "permanent nuisance" and in its definition of "temporary nuisance". Appellant's complaint to such definitions was and is that in a nuisance case there is a special legal test for the words "permanent" and "temporary", and that such test is stated in 41 Tex.Jur.2d on page 584, to be as follows:

"The legal test as to whether a nuisance is temporary in nature as distinguished from permanent is whether it can be abated at reasonable cost * * *."

These points are overruled. It is indicated in Tex.Jur.2d and in other cited cases that where, as in this case, a nuisance has produced permanent injury to land the measure of damages is the difference in the market value of the land before and after the injury, and this is without regard to whether the nuisance itself might subsequently be abated. See 41 Tex.Jur.2d 662, and see Baugh v. Texas & N. O. R. Co., 80 Tex. 56, 15 S.W. 587, (1891) where it is stated that:

"When a nuisance is created by the construction of works in their nature permanent, and which, as sometimes occurs in case of works for a public use, are not subject to be abated, the rule is that all damages resulting therefrom to property may be recoverd in one action, and the proper measure of damages is the depreciation in the value of the property. * * * That rule also applies when the injury resulting from the nuisance is of a permanent character." (Emphasis ours)

See also Town of Jacksonville v. McCracken, 232 S.W. 294 (Tex.Com.App.1921), where it is stated that "if the injury to the land is permanent and irremediable, the proper measure of damages to be recovered is the depreciation in the value of the property."

■ Herman Carson, a witness for appellant, testified that he was familiar with and had knowledge of land values in the Merkel area; that he had looked over the Ernest Smith farm and had seen it within the last few weeks before the trial. Counsel for appellant then asked the witness if he had an offer which he would make in open court for appellee's land. Appellee objected to the question and any answer thereto asserting that the testimony sought to be elicited was no criteria of the market value of the land, that it was merely an unaccepted offer and not admissible for any purpose. Counsel for appellant concedes the rule to be that unaccepted offers made out of court are not admissible to prove the value of land and cites the following cases in support of the proposition. Lower Nueces River Water Supply District v. Sellers, 323 S.W.2d 324, (Tex.Civ.App. 1959, Ref. n. r. e.); Taub v. Houston Independent School District, 339 S.W.2d 227, (Tex.Civ.App.1960, Ref. n. r. e.); State v. Dickerson, 370 S.W.2d 742, (Tex.Civ.App. 1963, no writ history); and Hanks v. Gulf, Colorado & Santa Fe RR. Co., 159 Tex. 311, 320 S.W.2d 333, (1959). Appellant further states that he expressly limited the offer of such testimony for impeachment purposes. Appellee's objection to the admission of such testimony was sustained.

■ Appellant urges in its fourth point that the court erred in refusing to admit an offer in open court for the land claimed to be damaged. The record indicates that the proffered testimony was simply an unaccepted verbal offer made for the first time in the courtroom; that such offer had never been communicated to appellee; and that appellant offered the testimony solely for the purpose of attempting to impeach the testimony of appellee and to show that there is a market value for appellee's property. Under the facts and circumstances shown in this record we can see no reason for making a distinction with respect to whether such an offer is made out of court or in court while the witness is testifying. Appellant's fourth point is overruled.

■ The record shows that in 1962 prior to the time of construction of the new

Merkel sewage treatment plant which is here under consideration, appellee Smith claimed that a water well belonging to him had been contaminated by raw sewage which had come from the old Merkel sewer farm. The City at that time paid appellee $300.00 for a release of all damages to appellee's water wells caused by the operation of such sewer farm. Appellee Smith was interrogated by appellant's counsel at length concerning this prior transaction, which interrogation indicated that in 1962 appellee made a claim against the City because of sewage getting into a water well, and that the City paid $300.00 for a release in connection therewith; that appellee Smith considered the release first tendered by the City to be too broad and required the addition of the words "and not otherwise" at the end of the release. The release in question is shown in this record and provides that in consideration of the sum of $300.00, cash in hand paid, the Smiths "release the said City of Merkel, Texas, of and from all causes of action, damages, liabilities, expenses and costs whatsoever arising by reason of the said operation of said sewer farm whether heretofore or hereafter accruing in connection with any damages to said water wells whether now known or not known to the parties hereto and not otherwise." The release in question by its own terms is concerned with contamination of a water well which resulted from the operation of appellant's sewer farm which the evidence shows has been completely replaced by the new sewage treatment plant complained of in this suit. The release shows that it covered causes of action, damages, liabilities, expenses and costs by reason of the operation of the sewer farm then operated by the City in connection with damages to water wells, and not otherwise. In our opinion the release constituted no bar to the recovery sought in this case. Contrary to appellant's contention in its fifth point, the court did not err in refusing to admit into evidence the 1962 release in question as appellant's exhibit number 3.

The judgment is affirmed.