**GULF ATLANTIC LIFE INS. CO.,
Appellant-Appellee,**

v.

**Jack PRICE et al., Appellees-Appellants.**

**No. 1075.**

Court of Civil Appeals of Texas,
Tyler.

May 18, 1978.

Rehearing Denied June 8, 1978.

**382**

Bruce W. Bowman, Jr., Turner, Rodgers, Sailers, Jordan & Calloway, Dallas, H. P. Smead, Jr., Longview, for appellant.

Lynn S. Patton, Fisher, Patton & McLemore, Longview, Jack N. Price, Price & William, Austin, for appellees.

DUNAGAN, Chief Justice.

On June 28, 1971, the appellant, Gulf Atlantic Life Insurance Company (hereafter referred to as Gulf Atlantic), agreed to make a loan to Jack Price and Janet Price and one Richard D. Kennedy, in the amount of $260,000. According to this agreement, it was contemplated that the loan would be for a term of two years (later changed to one year) with interest payable monthly at the rate of 10% per annum and a payment of $600 to be made each month to be applied against principal. The original agreement further provided for charges of $13,000 as a commitment fee and an additional $13,000 for an inspection fee.

The agreement further provided an option to Gulf Atlantic to buy 25% of the properties subject to the mortgage securing repayment of the loan for the sum of $1,000. The option provision provided that the same was exercisable during a one month period between August 15, 1974, and September 15, 1974.

The loan in question was a standby commitment whereby Gulf Atlantic agreed to make the loan if such loan was not obtained someplace else after two years. The agreement bound Gulf Atlantic to be ready to make the loan during a one month period.

After a one month extension of the commitment (for which the sum of $500 was paid), the loan funds were advanced on September 13, 1973. The form of the transaction reflects the loan to be to P & K

Properties, Inc., a corporation, with personal guaranties from Jack N. Price, Janet Price and Richard D. Kennedy. P & K Properties, Inc., had its right to do business forfeited on the date of the loan. At the time the loan was closed, the $6,500 inspection fee was paid. The $260,000 loan went into default and Gulf Atlantic made demand for payment. The appellees instituted suit claiming the loan was usurious, and the appellant counterclaimed for debt and foreclosure.

The $13,000 commitment fee was found by the jury to be a reasonable fee, in light of the risk to be borne for having a loan available in the future. As such, this commitment fee was found by the jury to be a bona fide commitment fee and was not interest.

The inspection fee had been reduced by agreement of the parties from $13,000 to $6,500. The $6,500 inspection fee was found by the jury to constitute a charge for the lending of money, thereby constituting interest.

The trial court rendered judgment as follows:

"It is therefore ORDERED, ADJUDGED and DECREED that the Defendant Gulf Atlantic Life Insurance Company, having contracted for, charged or received interest greater than the amount authorized by law must forfeit to Jack N. Price and Janet Price twice the amount of the interest contracted for, charged, or received, . . . and accordingly, the Defendant Gulf Atlantic Life Insurance Company must forfeit twice the amount of ten (10%) per cent of $260,000, together with twice the amount of $6,500, and also twice the amount of $30,000, and that the sum of these amounts, after doubling, must be deducted from the amount of $253,500 (after deduction of the 'front end' payment which was denominated as an inspection fee). All payments made on the loan in question excluding the $13,000 commitment fee which the jury determined not to be interest, and the $6,500 inspection fee which has already been taken into

account, must also be credited against the principal sum of $253,500. Accordingly, Defendant and Counterclaimant Gulf Atlantic Life Insurance Company is hereby awarded judgment against the Plaintiffs Jack N. Price and Janet Price, now Janet Splawn, as guarantors, in the amount of $114,284.67, provided that all payments against the loan in question or this judgment, from whatever source, shall be applied to the liability of the guarantors-Plaintiffs until that liability is discharged."

The appellant's fifth point of error states that "The trial court erred in granting judgment for Jack and Janet Price based on the value of the option because the jury finding that the value of the option was Thirty-one Thousand and No/100 ($31,000.00) Dollars conflicts with the jury finding that the value of the option was speculative and uncertain."

The special issues we are concerned with were submitted in the court's charge as follows:

"SPECIAL ISSUE NO. 6:

Do you find from a preponderance of the evidence, the option to acquire 25% of the Lake Shore Motel property as of September 12, 1973, had a value?

Answer 'Yes' or 'No.'

Answer Yes"

"SPECIAL ISSUE NO. 7:

If you have answered the above Issue 'yes,' answer the following issue, otherwise, do not answer.

What do you find from the preponderance of the evidence to be the value, if any, of said option.

Answer in Dollars and Cents.

Answer: $31,000.00"

"SPECIAL ISSUE NO. 20:

Do you find from a preponderance of the evidence, if any, that the value of the option was uncertain or speculative as of September 12, 1973?

Answer 'Yes' or 'No.'

Answer: Yes"

■ We are faced with a situation in which the jury set the value of the option at $31,000 in Special Issue No. 7, and then said in Special Issue No. 20 that the value of the option was uncertain or speculative as of the same date. In order for jury findings to conflict, they must oppose each other and be such that they cannot both be true. *Billingsley v. Southern Pacific Company*, 400 S.W.2d 789, 795 (Tex.Civ.App.—Tyler 1966, writ ref'd n. r. e.); *Fort Worth & Denver Railway Co. v. Britton*, 310 S.W.2d 654, 657 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n. r. e.); *Maddox v. Ellison*, 240 S.W.2d 398, 400 (Tex.Civ.App.—Amarillo 1951, n. w. h.). In the instant case, both of the jury findings cannot be true.

■ The ultimate question is not whether the findings are inconsistent or in conflict, or even in irreconcilable conflict; rather, the ultimate question is whether the conflict in the findings is fatal to the entry of judgment. *Bay Petroleum Corporation v. Crumpler*, 372 S.W.2d 318, 319 (Tex.1963).

■ "To require a judgment entered on a verdict containing conflicting answers to be set aside, the conflict between the answers must be such that one answer would establish a cause of action or defense, while the other would destroy it." *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 991 (1949); *Nichols v. Red Arrow Freight Lines*, 300 S.W.2d 740, 745 (Tex.Civ.App.—Texarkana 1957, writ ref'd n. r. e.).

■ "It is essential that the party seeking to set aside a verdict on the ground of conflict must be able to point out that one of the conflicting answers of the jury, in connection with the rest of the verdict except the issue with which it conflicts, necessarily requires the entry of a judgment different from that which the court has entered." *Little Rock Furniture Mfg. Co. v. Dunn*, supra; *Mossler v. Foreman*, 493 S.W.2d 627, 630 (Tex.Civ.App.—Houston [14th Dist.] 1973, n. r. e.). In our case, the answer to Special Issue No. 7 considered with the rest of the verdict and omitting Special Issue No. 20, would support a judgment for usury; while, ignoring the answer to Special Issue No. 7, the answer to Special

Issue No. 20 considered with the rest of the verdict, would defeat any cause of action for usury. Therefore, the conflict is one that requires reversal of the case for a new trial. Accordingly, the appellant's fifth point of error is sustained.

The remainder of appellant's points of error are rendered immaterial in view of our above holding except for point of error number six. In this point of error the appellant states that it is entitled to a judgment as a matter of law because the guaranty agreement signed by Jack and Janet Price did not call for the payment of usurious interest. The point of error has no merit. The appellant mistakenly relies upon *Micrea v. Eureka Life Insurance Company*, 534 S.W.2d 348 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.). The case stands for the proposition that a guarantor of a corporate obligation has no cause of action or defense for usury unless the statutory corporate rate of interest set out in Article 1302–2.09, Tex.Rev.Civ.Stat.Ann.,

has been exceeded. See also *Skeen v. Glenn Justice Mortgage Company*, 526 S.W.2d 252, 256 (Tex.Civ.App.—Dallas 1975, n. w. h.) and *Loomis Land & Cattle Company v. Diversified Mortgage Investors*, 533 S.W.2d 420, 425 (Tex.Civ.App.—Tyler 1976, n. r. e.) for cases in accord with this proposition. In the instant case the interest rate may well exceed the maximum allowable corporate interest rate set by Article 1302–2.09, depending upon the outcome of fact findings concerning whether or not the various provisions of this loan constitute interest.

The judgment of the trial court is reversed and the cause is remanded.