Jack N. PRICE and Janet Price,
Appellants,

v.

GULF ATLANTIC LIFE INSURANCE
COMPANY, Appellee.

No. 8879.

Court of Civil Appeals of Texas,
Texarkana.

July 21, 1981.

Rehearing Denied Aug. 18, 1981.

Jack N. Price, Austin, Lynn S. Patton, Fisher, Patton & Nix, Longview, for appellants.

H. P. Smead, Jr., Smead & Anderson, Longview, Bruce W. Bowman, Turner, Rodgers, Sailers, Jordan & Calloway, Dallas, for appellee.

CORNELIUS, Chief Justice.

In 1971, Gulf Atlantic Insurance Company made a commitment to make P & K Properties a real estate loan. The loan was to be for $260,000.00 and was to be secured by a first lien upon commercial real estate allegedly worth $380,000.00. In response to the commitment, the loan was ultimately made to P & K Properties and personally guaranteed by Mr. and Mrs. Jack Price who were part owners with Richard Kennedy in P & K Properties. The loan later came into default and Gulf Atlantic made demand for payment. Payment was not made, and the Prices filed suit against Gulf Atlantic contending that the loan was usurious and seeking the appropriate statutory penalties. Gulf Atlantic counterclaimed for the debt and for recovery on the Prices' personal guaranty. In addition to the principal amount of the loan and 10% interest, Gulf Atlantic required P & K Properties to pay a $13,000.00 commitment fee, a $13,000.00 inspection fee (later reduced to $6,500.00) and grant it an option to purchase 25% of the mortgaged properties for $1,000.00. Mr. and Mrs. Price contended that the commitment and inspection fees together with the option, which they asserted was worth $31,-000.00, made the loan usurious. The suit was tried to a jury which answered most issues favorably to Gulf Atlantic, but which also found that the option had a value of $31,000.00, which would make the loan usurious. The jury also held that the value of the option was speculative and uncertain. On appeal it was held that the two issues concerning the value of the option were in irreconcilable conflict, and the case was reversed and remanded for a new trial.[1] The district court interpreted the appeals court remand as a limited one, and ordered the new trial restricted to the sole question of the value of the option. The evidence and jury findings in the first trial were to be used to furnish the other necessary elements of any judgment to be entered. Only the one issue of the value of the option was submitted to the jury at the retrial, and the jury found that it had no value. The trial court entered judgment in favor of Gulf Atlantic and against the Prices.

The first point on appeal urges that it was reversible error for the trial court to limit the retrial on remand to the sole issue of the value of the option.

The action of the Court of Civil Appeals in the previous appeal did not amount to a partial remand. The opinion stated that the judgment would be reversed and the cause remanded. The mandate or-

1. 566 S.W.2d 381 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.).

dered that the judgment be "... reversed and the cause remanded for a new trial in accordance with the opinion of this court ...". Nowhere was it directed or suggested that the remand was to be anything but a general one. Generally, when an appellate court remands a case for further proceedings and the mandate is not limited by specific instructions, the effect is to remand the case to the lower court for a new trial on all issues of fact, and the case is reopened in its entirety. *Perry National Bank v. Eidson*, 161 Tex. 340, 340 S.W.2d 483 (1960); *S. J. Kelley Const. Co. v. Page*, 269 S.W.2d 689 (Tex.Civ.App.—Waco 1954, writ ref'd n.r.e.); *First State Bank of Bishop v. Grebe*, 162 S.W.2d 165 (Tex.Civ.App.—San Antonio 1942, writ ref'd w.o.m.). For a reversal to be limited to particular fact issues, it must clearly appear from the decision that it was so intended. *Cole v. Estell*, 6 S.W. 175 (Tex.1887). Nevertheless, we find that all parties expressly agreed to the limited retrial. Prior to the beginning of the trial, the following colloquy occurred between both counsel and the trial judge:

"THE COURT: ... Plaintiff and Counter-Defendant shall have the right to introduce such instruments as may be necessary to support his case and produce such evidence as may be necessary to support his case, but shall limit the matter of damages to that of the option.

In effect, that will be the damages, right?

MR. PATTON: I think the easier way to say it, Judge, is that the sole question to be submitted to the Jury is what was the value of the option given.

THE COURT: Well, the value of the option. This is off the record.

(Whereupon off-the-record conversation ensued.)

MR. BOWMAN: *For purposes of the record, let the record reflect that the Court has ruled that for purposes of this re-trial that the opinion of the Court of Civil Appeals directed that the re-trial of this matter be limited to the conflict between the issues concerning the value of the option and the trial will be so limited,* *but for purposes of a final judgment in this matter, the previous jury verdict and evidence adduced at the previous trial will be considered by the court for purposes of the final judgment.* (Emphasis supplied.)

MR. PATTON: *I have no objection to that.*" (Emphasis added.)

Under the circumstances, no error is shown.

The other points contend that it was error to allow Gulf Atlantic to introduce evidence before the jury concerning the forced sale of the property at foreclosure, the bids offered at the sale, the sheriff's deed effecting the sale, and the fact that Mrs. Price was present at the sale but chose not to make a bid for the property. These points must be sustained.

■ The admission of this evidence was error for several reasons. The trial judge had ruled and all parties had agreed that the trial was to be only on the issue on the value of the option. If the evidence of the forced sale and its peripheral circumstances was offered for the purpose of showing the amount of the deficiency in the liquidation of the loan, as Gulf Atlantic says it was, its admission violated both the court's order and the parties' agreement. If, on the other hand, the purpose of the evidence was to show that the property was worth less than the loan against it and thus show that the option was worthless (and the record indicates that this was the purpose of its offer), the evidence was inadmissible because evidence of what property sold for at a foreclosure sale is not competent evidence of its fair market value, since the transaction is not a free one between a willing seller and a willing buyer. *Chaney v. Coleman*, 77 Tex. 100, 13 S.W. 850 (1890); *Southwest Bank & T. Co. v. Executive Sportsman Ass'n*, 477 S.W.2d 920 (Tex.Civ. App.—Dallas 1972, writ ref'd n.r.e.); *Edwards v. Mayes*, 136 S.W. 510 (Tex.Civ.App. 1911, no writ); 2 Ray, Texas Evidence § 1524, p. 219 (3d Ed. 1980). Nor did proof of other unaccepted bids, or that Mrs. Price was present and failed to make a bid, constitute competent evidence of the value of the land. *Bavarian Autohaus, Inc. v. Hol-*

**188**

*land,* 570 S.W.2d 110 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *City of Merkel v. Smith,* 458 S.W.2d 940 (Tex.Civ.App.—Eastland 1970, no writ); *Bain v. City of Temple,* 428 S.W.2d 823 (Tex.Civ.App.—Austin 1968, writ ref'd n.r.e.); 2 Ray, Texas Evidence § 1524, p. 220 (3d ed. 1980).

 Gulf Atlantic argues that the Prices' objection to the evidence was not sufficient to apprise the trial court of their complaint or to preserve their right to complain on appeal, and that the error in any event was harmless. We cannot agree. The evidence was objected to when first offered by Mr. Anderson as follows:

> "Mr. Anderson, I would ask you whether you attended *a foreclosure sale* of—covering the Lakeshore Motel property which was held by the Gregg County Sheriff's Office on October the 4th, 1977?
> I did.
> Did you attend that sale as a representative of Gulf Atlantic?
>
> MR. PATTON: Your Honor, *we would object to a sale in 1977, object to this having any relevancy to any issue in this lawsuit.* The question in this lawsuit is, we again go back to the value of the option and the time the option was given, and we further object on the grounds that Gulf Atlantic Life Insurance is legally estopped from taking a contrary position to the sworn position that they have taken before the Commissioner of Insurance in swearing that that property is worth three hundred and eighty-five thousand dollars." (Emphasis supplied.)

Counsel perhaps could have made his position more emphatic by objecting to every question or by lodging a running objection to the entire testimony, but we think his objection, which went not only to one question but to any evidence of a foreclosure sale, was sufficient to apprise all parties of the nature of the objection and to preserve the right to complain on appeal. *Bridges v. City of Richardson,* 163 Tex. 292, 354 S.W.2d 366 (1962); 1 Ray, Texas Evidence § 25 (3d ed. 1980).

We are not persuaded that the error in the admission of this evidence was harm-

less. There was only one issue—the value of the option. Most of the witnesses agreed that in order to evaluate an option to purchase real estate consideration must necessarily be given to the value of the land which is the subject of the option. In this regard, Gulf Atlantic's attorneys argued forcefully and persuasively to the jury that the price the property brought at the forced sale some four years after the making of the loan was compelling evidence that the land was worth far less than represented in the first place; in fact, worth less than the loan against it. In such a case, the option would be worthless, which is what the jury actually found. Under these circumstances we are compelled to hold that the admission of the improper evidence was calculated to and probably did cause the rendition of an improper verdict. Tex.R.Civ.P. 434.

The judgment is reversed and the cause is remanded for a new trial.