

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00037-CV

| | | |
|---|---|---|
| Bell Helicopter Textron, Inc. | § | From the 352nd District Court |
| | § | of Tarrant County (352-190101-01) |
| v. | § | November 8, 2012 |
| Houston Helicopters, Inc. | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was error in the trial court's judgment. It is ordered that the judgment of the trial court is reversed, and the case is remanded to the trial court for a new trial.

It is further ordered that appellee Houston Helicopters, Inc. shall pay all of the costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00037-CV

BELL HELICOPTER TEXTRON, INC.                                    APPELLANT

V.

HOUSTON HELICOPTERS, INC.                                       APPELLEE

----------

## FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

This is the second appeal in this case based on the same record.[2]  We will

reverse the trial court's judgment and remand this case for a new trial.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See Bell Helicopter Textron Inc. v. Houston Helicopters, Inc.*, No. 02-09-00316-CV, 2010 WL 3928741 (Tex. App.—Fort Worth 2010, pet. denied) (mem. op.) (hereinafter "*Bell I*").

## II. Factual and Procedural Background

### A. The First Appeal

Appellant Bell Helicopter Textron, Inc. brought suit against Houston Helicopters, Inc. for indemnity based on an indemnity clause in a contract between Bell and HHI. Following a bench trial in April 2009, the trial court signed a judgment that Bell take nothing. The trial court signed findings of fact and conclusions of law, expressing two legal bases for its judgment: first, it concluded that the indemnity clause was unenforceable because it did not give fair notice to HHI that HHI was required to indemnify Bell for Bell's own negligent acts; and second, it concluded that Bell's indemnity claim was a compulsory counterclaim in HHI's prior Brazoria County lawsuit. *Bell I*, 2010 WL 3928741, at *4. For the reasons set forth in our *Bell I* opinion, we held that both of these legal bases for the trial court's judgment were erroneous, and we reversed the trial court's judgment and remanded the case to the trial court for further proceedings consistent with our opinion. HHI filed a petition for review with the Texas Supreme Court; it was denied. Our mandate issued, and this case was remanded to the trial court for further proceedings consistent with our *Bell I* opinion.

### B. No Proceedings Conducted on Remand

Once the case was remanded to the trial court, the trial court conducted no further proceedings. The parties filed no additional pleadings. The trial court heard no evidence. The lawyers made no appearances before the trial court.

3

Instead, the trial court signed an "Order for Additional Findings of Fact and Conclusions of Law" and a new "Final Judgment" that Bell take nothing.

## C. "Additional" Findings of Fact Conflict With Our Holdings in *Bell I*

Some of the trial court's "additional" findings of fact and conclusions of law are directly contrary to our holdings in *Bell I*. For example, in *Bell I*, one of our holdings is also set forth in a heading in our opinion which is titled, "**III. The Indemnity Clause is Not Subject to the Fair Notice Requirements Because It Does Not Require Indemnity For Bell's Own Negligence**." *Id.* But the trial court's "additional" finding of fact 1(c) and 1(f)—the trial court's order deems all of its findings of fact to also be conclusions of law—state respectively, "Bell, [through the indemnity clause] does in fact seek indemnity from the consequences of its own negligence" and "Bell's indemnity clause does not satisfy either of the Texas Fair Notice Doctrine's rules and was therefore unenforceable from its inception." Other of the trial court's "additional" findings of fact or conclusions of law purport to support new legal grounds for its new final judgment; the "additional" findings of fact and conclusions of law appear to be based on the evidence presented at the first trial—the same evidence that we reviewed on appeal in *Bell I*.

## D. Bell Claims the Trial Court Lacked Authority

In the trial court, Bell filed a thirty-six-page motion for new trial claiming that the trial court lacked authority to enter the "amended" findings of fact. Bell's motion pointed out that

4

[t]he Court's original Findings of Fact and Conclusions of Law were entered on August 19, 2009. Thereafter, the Second District Court of Appeals reversed all grounds for judgment, and remanded the case to this Court for further action consistent with the Court of Appeals'[s] decision. On October 27, 2011, without hearing or any further proceedings, the Court entered its Order for Additional Findings of Fact and Conclusion of Law. The Order is inconsistent with the opinion of the Court of Appeals. Furthermore, it is unclear if the "additional" findings are meant to replace the Court's original findings or are actually supposed to be additional findings to be added to the original findings. In other words, since the Order is not an amendment and there is no reference to the original findings entered on August 19, 2009, it is unclear whether the original findings of fact are nullified or whether the Court is adopting two sets of findings.

Bell's motion for new trial was overruled by operation of law, and Bell timely perfected this appeal.[3]

In part of its first issue and during oral argument, Bell claimed that the trial court lacked authority to make "additional" findings of fact.

### III. THE LAW CONCERNING ENFORCEMENT OF COURT OF APPEALS'S MANDATE

When the trial court clerk receives the mandate, the appellate court's mandate must be enforced. Tex. R. App. P. 51.1(b). A trial court must observe and carry out an appellate court's mandate. *In re Castle Tex. Prod. Ltd. P'ship*, 157 S.W.3d 524, 527 (Tex. App.—Tyler 2005, orig. proceeding); *Martin v. Credit Protection Ass'n*, 824 S.W.2d 254, 255 (Tex. App.—Dallas 1992, writ dism'd w.o.j.); *Schliemann v. Garcia*, 685 S.W.2d 690, 692 (Tex. App.—San Antonio

---

[3]Because no proceeding was held on remand, no reporter's record exists for purposes of appeal to enable any sufficiency challenge to the "additional" findings of fact made by the trial court. Consequently, Bell filed a motion with this court requesting that the record from the prior appeal be considered to the extent necessary in this appeal; we granted the motion.

5

1984, orig. proceeding). The trial court's duty to carry out a mandate is ministerial. *Myers v. Myers*, 515 S.W.2d 334, 335 (Tex. Civ. App.—Houston [1st Dist.] 1974, writ dism'd). A trial court's failure or refusal to comply with a court of appeals's mandate is an abuse of discretion. *Lee v. Downey*, 842 S.W.2d 646, 648 (Tex. 1992) (orig. proceeding). When an appellate court remands a case for further proceedings and the mandate is not limited by specific instructions, the effect is to remand the case to the lower court for a new trial on all issues of fact, and the case is reopened in its entirety. *Perry Nat'l Bank v. Eidson*, 161 Tex. 340, 345–46, 340 S.W.2d 483, 487–88 (1960); *Price v. Gulf Atl. Life Ins. Co.*, 621 S.W.2d 185, 186–87 (Tex. Civ. App.—Texarkana 1981, writ ref'd n.r.e.); *S. J. Kelley Constr. Co. v. Page*, 269 S.W.2d 689, 689 (Tex. Civ. App.—Waco 1954, writ ref'd n.r.e.); *First State Bank of Bishop v. Grebe*, 162 S.W.2d 165, 169 (Tex. Civ. App.—San Antonio 1942, writ ref'd w.o.m.); *Zelenske v. Angelone*, Nos. 01-97-00189-CV, 01-98-00238-CV, 1999 WL 460005, at *1–2 (Tex. App.—Houston [1st Dist.] July 8, 1999, no pet.) (not designated for publication).

## IV. THE FAILURE TO ENFORCE THE MANDATE ISSUED IN *BELL I*

After the Texas Supreme Court denied petition for review in *Bell I*, our mandate issued. Our mandate provided, in pertinent part, that "[i]t is ordered that the judgment of the trial court is reversed and that the case is remanded for further proceedings consistent with this opinion." Although we reversed the trial court's judgment in its entirety and remanded the case to the trial court for further proceedings consistent with our opinion, the trial court on remand conducted no

6

proceedings. The only proceeding that occurred in the trial court on remand was the trial court's signing of "additional" findings of fact—more than two years after the date of the first judgment—and, subsequently, a new final judgment that is substantively the same as the judgment we reversed in *Bell I*. *Cf.* Tex. R. Civ. P. 298 (setting forth time period in which trial court may make additional findings of fact).

Our opinion, judgment, and mandate remanded this case in *Bell I* for further proceedings consistent with our opinion; this was a general remand to the lower court for a new trial on all issues of fact and reopened the case in its entirety. *See Eidson*, 161 Tex. at 345–46, 340 S.W.2d at 487–88; *Price*, 621 S.W.2d at 186–87; *Zelenske*, 1999 WL 460005, at *1–2. The signing of "additional" findings of fact and a new final judgment in the absence of any type of evidentiary hearing does not constitute a "proceeding" as required by our opinion, judgment, and mandate in *Bell I*. Because the trial court failed to conduct any further proceedings on remand, the trial court failed to comply with its ministerial duty to carry out the mandate of this court. The trial court's failure to comply with its ministerial duty to enforce this court's mandate constitutes an abuse of discretion. *See, e.g.*, *Dean's Campin' Co. v. Hardsteen*, No. 13-05-00468-CV, 2008 WL 3984161, at *10–11 (Tex. App.—Corpus Christi Aug. 29, 2008, pet. denied) (mem. op.). We sustain the portion of Bell's first issue that challenges the trial court's authority to make "additional" findings of fact and conclusions of law "which are directly contrary to this Court's prior opinion."

7

## V. DISPOSITION OF BELL'S OTHER ISSUES AND CONCLUSION

In its eighth issue, Bell argues that there is a sufficient record to allow this court to render judgment in Bell's favor. In *Bell I*, we held that—because the trial court made no findings on the issue of breach and because a court of appeals cannot make original findings of fact—we could not render a judgment unsupported by any factual findings. *Bell I*, 2010 WL 3928741, at *5. Here, because no evidentiary proceeding was held, we are in the same position as in *Bell I*. We therefore overrule Bell's eighth issue.

Having sustained Bell's first issue and overruled Bell's eighth issue, we need not address Bell's remaining issues. *See* Tex. R. App. P. 47.1. We reverse the trial court's November 7, 2011 judgment and remand this case to the trial court for a new trial.

PER CURIAM

PANEL: WALKER, DAUPHINOT, and MEIER, JJ.

DELIVERED: November 8, 2012

8