02-12-037-CV













 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00037-CV

 

 


 
 
 Bell Helicopter Textron,
 Inc.
  
  
 v.
  
  
 Houston Helicopters, Inc.
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 352nd District Court
  
 of
 Tarrant County (352-190101-01)
  
 November
 8, 2012
  
 Per Curiam
 
 


JUDGMENT

 

          This court has considered the record
on appeal in this case and holds that there was error in the trial court’s
judgment.  It is ordered that the
judgment of the trial court is reversed, and the case is remanded to the trial
court for a new trial.  

          It is further ordered that appellee
Houston Helicopters, Inc. shall pay all of the costs of this appeal, for which
let execution issue.

 

SECOND DISTRICT
COURT OF APPEALS 

 

 

PER CURIAM

 



 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00037-CV

 

 


 
 
 Bell Helicopter Textron, Inc.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Houston Helicopters, Inc.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE
352nd District Court OF Tarrant
COUNTY

----------

MEMORANDUM OPINION[1]

----------

I.  Introduction

          This is the second appeal in this case
based on the same record.[2]  We will reverse the trial court’s judgment
and remand this case for a new trial.  

II.  Factual and Procedural Background

A. 
The First Appeal

          Appellant Bell Helicopter Textron,
Inc. brought suit against Houston Helicopters, Inc. for indemnity based on an
indemnity clause in a contract between Bell and HHI.  Following a bench trial in April 2009, the
trial court signed a judgment that Bell take nothing.  The trial court signed findings of fact and
conclusions of law, expressing two legal bases for its judgment:  first, it concluded that the indemnity clause
was unenforceable because it did not give fair notice to HHI that HHI was
required to indemnify Bell for Bell’s own negligent acts; and second, it
concluded that Bell’s indemnity claim was a compulsory counterclaim in HHI’s
prior Brazoria County lawsuit.  Bell I, 2010 WL 3928741, at *4.  For the reasons set forth in our Bell I
opinion, we held that both of these legal bases for the trial court’s judgment
were erroneous, and we reversed the trial court’s judgment and remanded the
case to the trial court for further proceedings consistent with our
opinion.  HHI filed a petition for review
with the Texas Supreme Court; it was denied. 
Our mandate issued, and this case was remanded to the trial court for
further proceedings consistent with our Bell
I opinion.  

B. 
No Proceedings Conducted on Remand

          Once the case was remanded to the
trial court, the trial court conducted no further proceedings.  The parties filed no additional
pleadings.  The trial court heard no
evidence.  The lawyers made no appearances
before the trial court.  Instead, the
trial court signed an “Order for Additional Findings of Fact and Conclusions of
Law” and a new “Final Judgment” that Bell take nothing.

C.  “Additional” Findings of Fact Conflict With
Our Holdings in Bell I

 

Some
of the trial court’s “additional” findings of fact and conclusions of law are
directly contrary to our holdings in Bell
I.  For example, in Bell I, one of our holdings is also set
forth in a heading in our opinion which is titled, “III.  The Indemnity Clause is Not
Subject to the Fair Notice Requirements Because It Does Not Require Indemnity
For Bell’s Own Negligence.”  Id. 
But the trial court’s “additional” finding of fact 1(c) and 1(f)––the
trial court’s order deems all of its findings of fact to also be conclusions of
law––state respectively, “Bell, [through the indemnity clause] does in fact
seek indemnity from the consequences of its own negligence” and “Bell’s
indemnity clause does not satisfy either of the Texas Fair Notice Doctrine’s
rules and was therefore unenforceable from its inception.”  Other of the trial court’s “additional”
findings of fact or conclusions of law purport to support new legal grounds for
its new final judgment; the “additional” findings of fact and conclusions of
law appear to be based on the evidence presented at the first trial––the same
evidence that we reviewed on appeal in Bell
I.

D. 
Bell Claims the Trial Court Lacked Authority

In
the trial court, Bell filed a thirty-six-page motion for new trial claiming
that the trial court lacked authority to enter the “amended” findings of
fact.  Bell’s motion pointed out that

[t]he Court’s
original Findings of Fact and Conclusions of Law were  entered on August 19, 2009.  Thereafter, the Second District Court of
Appeals reversed all grounds for judgment, and remanded the case to this Court
for further action consistent with the Court of Appeals’[s] decision.  On October 27, 2011, without hearing or any
further proceedings, the Court entered its Order for Additional Findings of
Fact and Conclusion of Law.  The Order is
inconsistent with the opinion of the Court of Appeals.  Furthermore, it is unclear if the
“additional” findings are meant to replace the Court’s original findings or are
actually supposed to be additional findings to be added to the original
findings.  In other words, since the
Order is not an amendment and there is no reference to the original findings
entered on August 19, 2009, it is unclear whether the original findings of fact
are nullified or whether the Court is adopting two sets of findings.   

 

Bell’s
motion for new trial was overruled by operation of law, and Bell timely
perfected this appeal.[3] 

          In part of its first issue and during
oral argument, Bell claimed that the trial court lacked authority to make
“additional” findings of fact.

III.  The Law Concerning Enforcement of Court of
Appeals’s Mandate

When
the trial court clerk receives the mandate, the appellate court’s mandate must
be enforced.  Tex.
R. App. P. 51.1(b).  A trial court
must observe and carry out an appellate court’s mandate.  In
re Castle Tex. Prod. Ltd. P’ship, 157 S.W.3d 524, 527
(Tex. App.—Tyler 2005, orig. proceeding); Martin
v. Credit Protection Ass’n, 824 S.W.2d 254, 255
(Tex. App.—Dallas 1992, writ dism’d w.o.j.); Schliemann
v. Garcia, 685 S.W.2d 690, 692
(Tex. App.—San Antonio 1984, orig. proceeding). 
The trial court’s duty to carry out a mandate is ministerial.  Myers
v. Myers, 515 S.W.2d 334, 335
(Tex. Civ. App.—Houston [1st Dist.] 1974, writ dism’d).  A trial court’s failure or refusal to comply
with a court of appeals’s mandate is an abuse of discretion.  Lee
v. Downey, 842 S.W.2d 646, 648
(Tex. 1992) (orig. proceeding).  When an
appellate court remands a case for further proceedings and the mandate is not
limited by specific instructions, the effect is to remand the case to the lower
court for a new trial on all issues of fact, and the case is reopened in its
entirety.  Perry Nat’l Bank v. Eidson, 161 Tex. 340, 345–46, 340 S.W.2d 483,
487–88 (1960); Price v. Gulf Atl. Life
Ins. Co., 621 S.W.2d 185, 186–87 (Tex. Civ. App.—Texarkana 1981, writ ref’d
n.r.e.); S. J. Kelley Constr. Co. v. Page,
269 S.W.2d 689, 689 (Tex. Civ. App.—Waco 1954, writ ref’d n.r.e.); First State Bank of Bishop v. Grebe, 162
S.W.2d 165, 169 (Tex. Civ. App.—San Antonio 1942, writ ref’d w.o.m.); Zelenske v. Angelone, Nos.
01-97-00189-CV, 01-98-00238-CV, 1999 WL 460005, at *1–2 (Tex. App.—Houston [1st
Dist.] July 8, 1999, no pet.) (not designated for publication).

IV.  The
Failure to Enforce the Mandate Issued in Bell
I

After
the Texas Supreme Court denied petition for review in Bell I, our mandate issued.  Our
mandate provided, in pertinent part, that “[i]t is ordered that the judgment of
the trial court is reversed and that the case is remanded for further
proceedings consistent with this opinion.” 
Although we reversed the trial court’s judgment in its entirety and
remanded the case to the trial court for further proceedings consistent with
our opinion, the trial court on remand conducted no proceedings.  The only proceeding that occurred in the
trial court on remand was the trial court’s signing of “additional” findings of
fact––more than two years after the date of the first judgment––and,
subsequently, a new final judgment that is substantively the same as the
judgment we reversed in Bell I.  Cf.
Tex. R. Civ. P. 298 (setting forth time period in which trial court may make
additional findings of fact). 

Our
opinion, judgment, and mandate remanded this case in Bell I for further proceedings consistent with our opinion; this
was a general remand to the lower court for a new trial on all issues of fact
and reopened the case in its entirety.  See Eidson, 161 Tex. at 345–46, 340
S.W.2d at 487–88; Price, 621 S.W.2d at
186–87; Zelenske, 1999 WL 460005, at
*1–2.  The signing of “additional”
findings of fact and a new final judgment in the absence of any type of
evidentiary hearing does not constitute a “proceeding” as required by our
opinion, judgment, and mandate in Bell I.  Because the trial court failed to conduct any
further proceedings on remand, the trial court failed to comply with its
ministerial duty to carry out the mandate of this court.  The trial court’s failure to comply with its
ministerial duty to enforce this court’s mandate constitutes an abuse of
discretion.  See, e.g., Dean’s Campin’ Co.
v. Hardsteen, No. 13-05-00468-CV, 2008 WL 3984161, at *10–11 (Tex.
App.—Corpus Christi Aug. 29, 2008, pet. denied) (mem. op.).  We sustain the portion of Bell’s first issue that
challenges the trial court’s authority to make “additional” findings of fact
and conclusions of law “which are directly contrary to this Court’s prior
opinion.”   

V.  Disposition of Bell’s Other Issues and
Conclusion

In
its eighth issue, Bell argues that there is a sufficient record to allow this
court to render judgment in Bell’s favor.  In Bell
I, we held that—because the trial court made no findings on the issue of breach
and because a court of appeals cannot make original findings of fact—we could
not render a judgment unsupported by any factual findings.  Bell I,
2010 WL 3928741, at *5.  Here, because no
evidentiary proceeding was held, we are in the same position as in Bell I. 
We therefore overrule Bell’s eighth issue.

Having
sustained Bell’s first issue and overruled Bell’s eighth issue, we need not
address Bell’s remaining issues.  See Tex. R. App. P. 47.1.  We reverse the trial court’s November 7, 2011
judgment and remand this case to the trial court for a new trial.

 

PER CURIAM

 

 

PANEL:  WALKER, DAUPHINOT, and MEIER, JJ.

 

DELIVERED:  November 8, 2012 








 











[1]See Tex. R. App. P. 47.4.





[2]See Bell Helicopter Textron Inc. v. Houston
Helicopters, Inc., No. 02-09-00316-CV, 2010 WL 3928741 (Tex. App.—Fort
Worth 2010, pet. denied) (mem. op.) (hereinafter “Bell I”).





          [3]Because no
proceeding was held on remand, no reporter’s record exists for purposes of
appeal to enable any sufficiency challenge to the “additional” findings of fact
made by the trial court.  Consequently,
Bell filed a motion with this court requesting that the record from the prior
appeal be considered to the extent necessary in this appeal; we granted the
motion.