**GULF, COLORADO & SANTA FE RY. CO.,**
Appellant,

v.

**C. R. HILLIS, Appellee.**

No. 3609.

Court of Civil Appeals of Texas. Waco.

Jan. 22, 1959.

1) The defendant railroad failed to transport the onions with reasonable speed and dispatch.

2) Such failure was negligence.

3) Such negligence was a proximate cause of plaintiff's damage.

4) The defendant railroad failed to use ordinary care in the shipment of the car of onions so as to prevent bruising, cutting, and decay.

5) Such failure was negligence.

6) Such negligence was a proximate cause of plaintiff's damage.

7) The reasonable cash market value of the onions, if they had arrived in an undamaged condition, was $1,402.50.

8) The onions, upon arrival in Baltimore, had no reasonable cash value.

9) The onions had a reasonable cash market value in New York upon arrival there of $452.45.

The Trial Court entered judgment upon the verdict for plaintiff for $950.05, with interest thereon from the date the shipment should have arrived in Baltimore.

Defendant appeals, contending:

1) There is no competent evidence to raise issues 1, 2, and 3, and insufficient evidence to support the jury's findings thereon.

2) The Trial Court erred in admitting into evidence plaintiff's Exhibits 6 through 20 and 22 and 23, because same were hearsay, not properly authenticated, and not business records of plaintiff.

3) The Trial Court erred in submitting Issues 4, 5, 6, 8, and 9, because the only testimony on such issues was hearsay, and not properly authenticated, and not business records of plaintiff.

---

Hudson, Keltner & Sarsgard, Fort Worth, for appellant.

Magus F. Smith, McAllen, Floyd Zeigler, Gatesville, for appellee.

McDONALD, Chief Justice.

This is a suit instituted by a shipper of onions against the carrier railroad, for damages to such onions, allegedly resulting from delay in the delivery of the onions at destination, and from negligent handling of the onions during shipment.

Trial was to a jury, which, in answer to Special Issues, found:

4) The Trial Court erred in submitting Issue 9 inquiring about the market value of the onions in New York, because there was insufficient evidence to raise the submission of such issue.

Defendant says in its brief that "The real crux of the case is whether or not plaintiff introduced competent evidence to raise a jury issue or to support the jury's findings as to the condition of the onions and the value thereof in Baltimore or New York, it being defendant's contention that all of the evidence on these points is hearsay * * *."

■ We revert to defendant's 1st contention that there is no evidence or insufficient evidence to support the jury's findings on Issues 1, 2, and 3, that the defendant failed to transport the onions with reasonable speed and dispatch and that such was negligence, and a proximate cause of plaintiff's damage. Plaintiff testified that he had been in the onion shipping business for thirty years; that he had shipped from the place of origin to the place of destination for a number of years; that he was acquainted with the train schedules and had a book on all railroad schedules; that the usual and ordinary time from Wylie, Texas, to Baltimore, Maryland, was the 5th morning—for the 5th morning's market. Witness Hardwicke testified he had been in the vegetable shipping business for thirty-eight years; that he was acquainted with the train schedules; that the usual time would be for the 5th or 6th morning's market. The evidence is uncontradicted that the car of onions was shipped on June 5th—and arrived in Baltimore, Maryland, on June 12, being seven days in transit. The evidence is sufficient to sustain the jury's findings. See: Kemendo v. Fruit Dispatch Co., 61 Tex.Civ.App. 631, 131 S.W. 73, Er. Dism'd; Wichita Valley R. Co. v. Brown, Tex.Civ.App., 274 S.W. 305, Er. Dism'd; Baker v. Nance Bros., Tex.Civ.App., 294 S.W. 290, Er. Dism'd; International-Great Northern R. Co. v. Shaw & Stumberg, Tex.Civ.App., 45 S.W.2d 759; Texas & P. R. Co. v. Bufkin, Tex.Civ.App., 46 S.W.2d 714.

Defendant's contentions 2 and 3 relate to the admission of evidence to sustain jury findings 4, 5, 6, 8, and 9; and to what defendant denominates as the real crux of the case—whether there is competent evidence as to the condition of the onions on arrival in Baltimore, the value of the onions if they had arrived undamaged, and the value of the onions in the condition in which they arrived.

In Issues 4, 5, and 6 the jury found that the defendant railroad failed to use ordinary care in the shipment of the onions so as to prevent bruising, cutting, and decay; that such failure was negligence and a proximate cause of plaintiff's damage. In Issue 7 the jury found that the onions, if they had arrived in an undamaged condition, would have had a value of $1,402.50; in Issue 8, that upon arrival in Baltimore the onions had no value; and in Issue 9, that upon arrival in New York they had a value of $452.45.

■ It is undisputed that the onions were U. S. Number One onions and in good condition at the time of shipment. Plaintiff's Exhibit No. 7 is an original Inspection Certificate of the U. S. Department of Agriculture, signed by Inspector Shreve, and sets out the condition of the onions upon arrival at Baltimore. The Inspection Certificate shows on its face to be a report made by an officer of the United States Department of Agriculture and under the seal of the U. S. Department of Agriculture, and states that the onions were inspected and found to be decayed, to have been damaged by rubbing or cuts and that the damaged stock was so located and of such appearance as to indicate that the injury occurred in the car. The plaintiff Hillis and the witness Hardwicke testified that the carload of onions was rejected by the buyer in Baltimore, and that they then diverted it to New York and sold the lot as salvage for $452.45, New York having a market

for salvaged and damaged onions and Baltimore having none. The onions being shown to have been shipped in good condition and received in worthless condition makes a prima facie case for plaintiff, and defendant introduced no testimony to contradict. Defendant contends that Exhibit 7, the Department of Agriculture report, is inadmissible. Such is admissible under Article 3731a Vernon's Ann. R.C.S., which provides that any written statement, certificate, record, return, or report made by an officer of the United States or of another state or nation, or of any governmental subdivision of any of the foregoing, or by his deputy or employee, in the performance of the functions of his office, shall, so far as relevant, be admitted in the courts of this state as prima facie evidence of the matters stated therein. The Trial Court admitted into evidence other exhibits which were telegrams from plaintiff's Baltimore agent, to the effect that the carload of onions was received in a worthless condition, and a report of inspection of the onions by an independent inspection service reflecting the damaged condition of the onions. Defendant objected to the admission of these exhibits into evidence on the ground that they were hearsay. The Trial Court admitted them on the ground that they were all a portion of plaintiff's business records and admissible under Article 3737a, Vernon's Ann.R.C.S. Because of our views relative to Exhibit 7 already expressed, and our views relative to Exhibits 18, 19, 20, 22, and 23, and our conclusions in connection therewith, it is not necessary that we pass on the admissibility of the other exhibits complained of. We do say in this connection, however, that if same be inadmissible the error is deemed harmless.

■ Exhibits 18, 19, 20, 22, and 23 were published Market Reports as to the quoted prices on vegetables, including onions, in the City of Baltimore, Maryland, published by the United States Department of Agriculture Fruit and Vegetable Branch. These exhibits were admitted into evidence. Plaintiff testified the onions, had they arrived in Baltimore in good condition on June 11th or 12th, were worth $2.75 per sack (or about $1,600 for the particular car.) The witness Hardwicke testified he was acquainted with the Baltimore and New York markets; that the onions were worth $2.75 to $3 per sack had they been received in good condition; that he based his testimony on market reports and records and government market reports. He testified that had the car of onions arrived on June 10, 11, or 12, in good condition, the reasonable market value at Baltimore, Maryland, would have been $1,402.50 (or 511 bags at $2.75 each). The exhibits objected to, and upon which these witnesses predicated their testimony reflects the onion market at Baltimore to be as testified to by these witnesses. Defendant objects vigorously to the introduction of these market reports into evidence. These market reports are U. S. government reports and are admissible under Article 3731a. They are further admissible as published market reports. 17 Tex.Jur. p. 750 expresses the rule thusly:

"Published market reports are admissible on the issue of value, including quotations published in newspapers or trade papers, where they are shown to be credible. Testimony of witnesses that they relied upon newspaper quotations is admissible upon the issue of the credit to be given said quotations. It is also permissible for a witness to give an opinion as to market value based on market reports." To the same effect: Carlton v. Adams, Tex.Civ.App., 54 S.W.2d 1073, W/E Ref.; 20 Am.Jur. p. 818, Texas & P. R. Co. v. Donovan, 86 Tex. 378, 25 S.W. 10; 43 A.L.R. 1192.

■ We hold that Exhibits 7, 18, 19, 20, 22, and 23 are admissible. This, together with the admissible testimony of plaintiff and the witness Hardwicke, is ample to sustain the jury's findings to Issues 4, 5, 6, 8, and 9 and to resolve what defendant

denominates as the real crux of the case, to the effect that there is competent evidence as to the condition of the onions on arrival in Baltimore; of the value of the onions if they had arrived undamaged; and of the value of the onions in the condition in which they arrived.

Defendant's 4th contention is that the evidence is insufficient to raise the submission of Issue 9. The jury, in answer to Issue 9, found that the onions had a reasonable cash value of $452.45 in New York. The onions were spoiled when they arrived in Baltimore. Plaintiff testified that they had no value there, but that they had some value as spoiled or salvage onions in New York, so he diverted the shipment to New York. The onions were sold in New York as "out of grade" or "salvage" onions for $452.45. Defendant's complaint here is that there is no evidence which shows that the amount received was the *reasonable* value of the onions. In most instances where personal property valuations are involved, evidence of what an article or commodity actually sold for is some evidence of market value. 17 Tex.Jur. p. 443. Carlton v. Adams, Tex.Civ.App., 54 S.W.2d 1073, Er. Ref.; Thompson v. A. J. Tebbe & Sons Co., Tex. Civ.App., 241 S.W.2d 627. Moreover, when commodities are sold as salvage, as in the case at bar, the amount for which the owner sold same is accepted as evidence of the value thereof. Such actual sale is prima facie evidence of market value, unless there is something which indicates the sale is out of the ordinary in some way. Bronstein v. Baltimore & O. R. Co., D.C., 29 F.Supp. 837. See also: Thompson v. Tankersley, Tex.Civ.App., 238 S.W.2d 263; Texas Mexican Ry. Co. v. Slaughter, Tex.Civ.App., 122 S.W.2d 1101, 1103. In the Slaughter case, supra, the court said:

"Where perishable goods arrive at destination in a damaged condition and it is shown that there is no market value for such commodities on the first day they are available for the market and that they are thereafter salvaged and sold as soon as possible, for the best price obtainable in order to minimize damages, the measure of the shipper's damage is the difference between what the market value of the commodities would have been on the date they arrived at destination if they had not been damaged, and the price for which the goods are sold. At least where this measure is used it will not be disturbed unless the carrier is able to show that he has been injured as a result of using this measure of damages. Houston, E. & W. T. Ry. Co. v. Brackin, supra [Tex.Civ.App., 191 S.W. 804;] Gulf, C. & S. F. Ry. Co. v. Texas Packing Co., 244 U.S. 31, 37 S.Ct. 487, 61 L.Ed. 970, 973."

All of defendant's points are overruled and the judgment of the Trial Court is Affirmed.