**METAL WINDOW PRODUCTS COMPANY, Appellant,**

v.

**Jim D. NORED, Appellee.**

**No. 7779.**

Court of Civil Appeals of Texas, Beaumont.

March 11, 1976.

Rehearing Denied April 1, 1976.

**712**

Steven E. Halpin, John Graml, Houston, for appellant.

William E. Satterwhite, Jr., Houston, for appellee.

STEPHENSON, Justice.

Plaintiff, Jim Nored, brought this action against defendant, Metal Window Products Company, for actual and exemplary damages for the conversion of his automobile. Trial was by jury and judgment rendered for plaintiff on the verdict. The parties will be referred to here as they were in the trial court.

The jury found that defendant caused the automobile in question to be repossessed from plaintiff and that defendant converted the automobile. Defendant's first point of error is that the trial court erred in refusing its requested issue asking whether the automobile was repossessed on behalf of the Metal Window Employee's Association.

It is elementary that a trial court is required to submit only the controlling issues raised by the written pleadings. Tex.R. Civ.P. 277 and 279. Defendant had no pleadings as to this particular question, and only its general denial raised an issue as to whether defendant had repossessed and converted the automobile. In the absence of affirmative pleadings, defendant was not entitled to have its issue submitted. The point is overruled.

Defendant has a series of points challenging the jury findings as to plaintiff's actual damages in the total amount of $5,280. We pass upon the no-evidence point by considering only the evidence favorable to the jury findings, and we consider the entire record in passing upon the remaining points. The jury allowed recovery for the market value of the automobile, for loss of use of the automobile, for loss of personal property in the automobile, and for loss of credit standing. A separate amount of damages was found for each of those four items, and only the loss of personal property in the automobile is not challenged.

We consider first the point in reference to the market value of the automobile. The jury found the market value to be $2,695 on the date of the repossession and conversion. The evidence shows the purchase price nine months earlier to be $3,718.10 which was arrived at after granting a fleet discount. There is also evidence that a month before the conversion the automobile was "very clean," and at the time of the conversion it was in "perfect running condition." There is also evidence that plaintiff paid $2,600 for this automobile about a month before the conversion. No witness testified directly as to the reasonable market value of this automobile on the date of the conversion.

■ There is amazingly little case or text law on this question. In a discussion found in 23 Tex.Jur.2d *Evidence* § 175 at 266 (1961), this statement is made:

"Although there is authority to the contrary, evidence of the cost of real or personal property, though not conclusive, is ordinarily admissible on the issue of the present market value of the property, especially where the property was sold in the usual and ordinary manner."

The section following the one above quoted shows the remoteness as to time of sale is a factor to be considered.

The case *Gulf, Colorado & Santa Fe Ry. Co. v. Hillis,* 320 S.W.2d 687 (Tex.Civ.App. —Waco 1959, no writ), involves damages to a shipment of onions, and the court held that evidence of what an article or commodity sold for is evidence of market value.

On the other hand, in the case *H. B. Zachry Co. v. Ceco Steel Products Corp.,* 404 S.W.2d 113 (Tex.Civ.App.—Eastland 1966, writ ref'd n. r. e.), it was held that evidence as to what appellee paid for the missing steel was not competent evidence of its market value at the time and place it was alleged to have been converted by appellant.

■ We have come to the conclusion that even though the evidence set out above is more than a scintilla, and therefore some evidence, we find the evidence to be insufficient to support the jury finding. We see no reason that a witness could not have been found to qualify as an expert in this field and give his opinion as to the reasonable cash market value of this automobile on the date of its conversion.

■ Defendant complains about the findings of $485 for loss of use of the automobile. This point is sustained, and upon a retrial that element should not be included.

The rule is clear in this state that in a suit for conversion of an automobile, a plaintiff may recover as *actual* damages only the value of the property converted (in this case the automobile and the personal property in it) plus interest from the date of the conversion. See *Commercial Credit*

*Corporation v. Flores,* 345 S.W.2d 432 (Tex. Civ.App.—Eastland 1961, writ ref'd n. r. e.).

■ Defendant has points of error complaining about the inclusion of loss of credit standing as an element of actual damages. The most recent case on this point is *Security State Bank and Trust v. Craighead,* 440 S.W.2d 701 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.), which, in discussing loss of credit as an element of damages, states that claim should be submitted as an element under the exemplary damage issue. (Citing cases at 440 S.W.2d 710).

Defendant also has points of error attacking the jury findings of malice and $7,500 as exemplary damages. It is urged that there is no evidence and insufficient evidence to support such findings.

■ This court had occasion to pass upon a similar question in *Kroger Food Company v. Singletary,* 438 S.W.2d 621 (Tex.Civ.App. —Beaumont 1969, no writ). In a well-written opinion by Associate Justice Keith, the rule is stated at 438 S.W.2d 627. We find in the present case before us that the evidence is insufficient to support the jury findings of malice and the resulting punitive damages.

The entire case is reversed and remanded for a new trial in accordance with the statements of law set out in this opinion.

REVERSED and REMANDED.