**SPT FEDERAL CREDIT
UNION, Appellant,**

v.

**BIG H AUTO AUCTION,
INC., Appellee.**

**No. 01–87–00715–CV.**

Court of Appeals of Texas,
Houston (1st Dist.), 1988.

Oct. 13, 1988.

Rehearing Denied Dec. 1, 1988.

Michael T. Neville, Eikenburg & Stiles, Houston, for appellant.

William T. Green, Green, Patterson & Schultz, Houston, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

LEVY, Justice.

This is an appeal of a judgment based on a directed verdict. Appellant, SPT Federal Credit Union ("SPT"), repossessed a shrimp boat rig from one of its members when the member became unable to make the payments on the boat rig. SPT delivered the rig to appellee, Big "H" Auto Auction ("Big H"), an auction house, for sale at public auction, with instructions not to accept a bid lower than $3,800. Big H subsequently sold the boat rig for $700.

SPT sued Big H for damages resulting from this sale, predicated on breach of contract and deceptive trade practices. At the conclusion of SPT's case-in-chief, Big H moved for a directed verdict on the ground that SPT failed to prove any alleged damages. The trial court granted the motion and rendered judgment for Big H that SPT take nothing.

■ While SPT urges the theory of conversion in its appeal, this theory was not pleaded below nor was it urged at trial, and therefore is not properly before us on appeal.

SPT asserts in its first point of error that the trial court erred in granting Big H's motion for instructed verdict because SPT's presentation of evidence of damages should have precluded such a directed verdict. SPT urges in its second point of error that the trial court erred in excluding expert witness Robert W. Armstrong's opinion testimony as to the fair market value of the shrimp boat rig. SPT avers that Armstrong qualified as an expert and that a proper foundation for his opinion had been laid. We agree with this point and reverse.

The standard of review for an instructed verdict is set forth in *Ortiz v. Santa Rosa Medical Center*, 702 S.W.2d 701, 703–704 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.):

> The standard by which this Court reviews instructed verdicts is well known. We will view the evidence in the light most favorable to the non-moving party and will indulge him with every reason-

able inference that properly may be drawn from the evidence. [citations omitted] All contrary evidence and inferences must be disregarded. *Henderson v. Travelers Ins. Co.*, 544 S.W.2d 649, 650 (Tex.1976).

The appellant has the burden of establishing on appeal that he has presented some evidence on each and every element of his cause of action and that the instructed verdict cannot be supported on any grounds set forth in the appellee's motion. *Guynn v. Corpus Christi Bank & Trust*, 589 S.W.2d 764 (Tex.Civ.App.—Corpus Christi 1979, writ dism'd). We will affirm the granting of the motion only where the evidence establishes the movant's right to an instructed verdict with such certainty that reasonable minds could not differ as to his entitlement to it. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex.1983).

Upon Big H's motion for instructed verdict, the trial court entered its judgment on the theory that there was not enough evidence in the case to submit it to the jury.

SPT contends that Big H moved for the instructed verdict on the ground that SPT had failed to prove any alleged damages, but Big H claims that its motion was premised on SPT's failure to submit any competent evidence of damages. SPT urges that the public sale at auction of the shrimp boat for $700 represented some evidence of the boat's fair market value, precluding the trial court's directed verdict.

■ Actual sale price is not prima facie evidence of market value where something indicates that the sale is out of the ordinary in some way. *Gulf, Colorado & Santa Fe Ry. v. Hillis*, 320 S.W.2d 687, 691 (Tex.Civ. App.—Waco 1959, no writ). In the case at bar, the boat was reclaimed by the credit union after the boat's owner defaulted on a loan made by SPT to him for its purchase. SPT then turned the boat over to the Big H for sale in an attempt to recover the money it had originally loaned for its purchase. This does not constitute an "ordinary" sale. Additionally, "evidence of what property sold for at a foreclosure sale is not compe-

tent evidence of its fair market value, since the transaction is not a free one between a willing seller and a willing buyer." *Price v. Gulf Atl. Life Ins. Co.,* 621 S.W.2d 185, 187 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.).

Accordingly, the trial court did not err in concluding that evidence showing that the boat sold at auction for $700 was not sufficient to show the boat's fair market value.

■ Gladys Walther, an employee of SPT, testified without objection that in her opinion the boat had a fair market value of between $4,500 and $4,800. However, on cross-examination she admitted that her opinion was based on the value of the boat when the loan for its purchase was made in 1982, and not on the boat's value in May, 1984, when it was delivered to Big H. It was not, therefore, competent evidence of the boat's fair market value at the time of the boat's sale by Big H.

■ James M. Burrell, another SPT employee, testified that he thought the boat should have brought at least $3,800. Burrell testified that SPT had financed the boat for $3,900 in 1982 and that SPT had hoped to recover $3,800 on the boat when it authorized Big H to sell it. There is no evidence that Burrell was familiar with the value of any type of boat, or that his testimony stemmed from anything other than his employer's desire to recover its loan.

We conclude that the trial court was correct in finding that Walther's and Burrell's testimony was not expert or competent evidence of the boat's fair market value. Appellant's first point of error is overruled.

We now turn to the proferred expert testimony of Robert W. Armstrong, which was excluded from evidence, and which forms the basis of appellant's second point of error.

Tex.R.Civ.Evid. 702 provides that:

[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

This Court has held that "[a]s a general rule, the question of whether a person is qualified to give opinion testimony in a given area is a matter within the judicial discretion of the trial court and will be overturned only for abuse." *Southwestern Bell Tel. Co. v. Sims,* 615 S.W.2d 858, 862 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ) (cites omitted). In Texas it is well settled that a witness testifying to an item's value

must also have a knowledge of the particular thing to be valued, where its value depends upon something peculiar to itself, such as physical condition, individual qualities or particular uses. Here, again the sufficiency of the witness' acquaintance with the thing to be valued must be left to the trial judge.

*Bell v. Bradshaw,* 342 S.W.2d 185, 191 (Tex.Civ.App.—Dallas 1960, no writ). "Once a person is qualified as an expert he may give his opinion on any matter within the realm of his expertise, so long as the facts upon which his opinion is based either are within his personal knowledge or otherwise are properly in evidence." *Southwestern Bell Tel.,* 615 S.W.2d at 862 (cites omitted).

Armstrong, an independent marine surveyor, was highly experienced in appraising the value of boats. He testified that in arriving at the shrimp boat's value a number of factors needed to be considered such as, "[h]ull condition, compartition, structure, equipment—the electronics, specifically; on a fishing boat the block, trawl winch, fishing gear; the electrical wiring protection, fire breakers, all electronics; as far as equipment, machinery, the main propulsion, firefighting and life-saving equipment."

■ Armstrong testified that he had never inspected or viewed the shrimp boat in question. His opinion as to its value was based on what he had been told about the boat through a hypothetical question and on "a couple of pictures." No testimony was offered at trial concerning the numer-

ous factors listed by Armstrong as being important in determining the value of the shrimp boat. Although Armstrong could not base his testimony on personal observation, this disability would go only to the weight of his testimony, not to its admissibility. His expert testimony as to value was highly pertinent and predicated adequately upon the earlier testimony of James M. Burrell. It is well established that an expert witness may give an opinion based on a hypothetical question containing facts previously admitted into evidence. *See MJW Producing Co. v. Sparkman*, 655 S.W.2d 286, 290 (Tex.App.—Corpus Christi 1983, no writ); *Classified Parking Sys. v. Kirby*, 507 S.W.2d 586, 589 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ); Tex.R. Civ.P. 703. We conclude that the trial court erred in refusing to allow Armstrong to testify as an expert concerning the shrimp boat rig's fair market value, which he assessed in SPT's offer of proof at $6,000.

Appellant's second point of error is sustained.

Appellant contends in his third and final point of error that the trial court erred in admitting, over objection, evidence of a settlement offer from SPT to Big H. We need not discuss this point because of our disposition of STP's second point of error, but would briefly mention Tex.R.Civ.Evid. 408, which restricts evidence of compromise negotiations and conduct,[1] including settlement offers.

The judgment of the trial court is reversed, and the cause is remanded.

---

1. Tex.R.Civ.Evid. 408 provides in relevant part: Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for, or invalidity of, the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.