245 S.W.3d 540 (2007)
Weston ADAMS, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 05-06-00006-CV.
Court of Appeals of Texas, Dallas.
July 31, 2007.
*541 Carl David Adams, The Law Offices of Carl David Adams, Dallas, for Appellant.
J. Michael Alexander, Law Offices of J. Michael Alexander, Dallas, Kathleen Crouch, Noel Dade cooper, Nistico & Crouch, PC, Grapevine, TX, for Appellee.
Before Justices MORRIS, FRANCIS, and MAZZANT.

OPINION
Opinion by Justice MAZZANT.
Weston Adams appeals the trial court's judgment following a jury trial awarding State Farm Mutual Automobile Insurance Company damages of $8230.55 plus pre- and post-judgment interest in this suit for damages to an automobile. Adams brings five issues asserting the statute of limitations barred State Farm's claims and no evidence supports the jury's determination of damages. We affirm the trial court's judgment.

LIMITATIONS
In his first issue, Adams asserts State Farm's cause of action is barred by limitations. The case arose on December 11, 2002 when a car, driven by Courtland Goolsby and owned by Terry Goolsby, was involved in an accident with a vehicle owned and driven by Adams. State Farm was the Goolsbys' insurer. The Goolsbys filed suit against Adams on March 28, 2003 alleging the accident was caused by Adams's negligence. State Farm was not listed as a party in the heading or preamble of the original petition, but the petition contained the following provision:
FOR THE COURT: This action is brought in part by State Farm Mutual Automobile Ins. Co., subrogee to all recovery in excess of $250.00 and who prays for judgment in its name.
The first amended petition, filed September 23, 2004, also contained this paragraph and did not list State Farm in the heading *542 or preamble. The second amended petition filed March 9, 2005 listed State Farm in the heading and the preamble as the sole plaintiff, and the petition contained the following provision:
FOR THE COURT: This action was originally brought in part by State Farm Mutual Automobile Ins. Co., subrogee to all recovery in excess of $250.00 and who prayed for judgment in its name. STATE FARM will tender TERRY W. GOOLSBY his $250.00 deductible if it prevails as sought.
The limitations period for this cause of action was two years from the accrual of the cause on December 11, 2002. See TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp.2006). Adams asserts the second amended petition, filed more than two years after the cause of action accrued, constituted a new suit because it dropped the pre-existing plaintiffs, the Goolsbys, and added a new plaintiff, State Farm. We disagree.
Pleadings are not required to take any particular form. Cox v. Union Oil Co., 917 S.W.2d 524, 526 (Tex.App.-Beaumont 1996, no writ). In the absence of a special exception, we construe a pleading in favor of the pleader. Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 897 (Tex.2000); McGraw v. Brown Realty Co., 195 S.W.3d 271, 275 (Tex.App.-Dallas 2006, no pet.). The pleadings show State Farm was a plaintiff when the suit was originally filed on March 28, 2003 and remained a plaintiff throughout the succeeding amendments to the petition. Although State Farm was not listed in the heading and preamble as a plaintiff, the traditional location for listing the parties, State Farm was identified as a plaintiff in the body of the petition. We overrule Adams's first issue.

EVIDENCE OF DAMAGES
In his second issue, Adams contends the trial court erred in submitting the damages question and in denying his motions for directed verdict and for judgment notwithstanding the verdict because there was no competent evidence of any difference in the market value of the vehicle immediately before and after the accident. Jury Question 3 asked the jury to determine "the difference in the market value in Dallas County, Texas, of the vehicle . . . immediately before and immediately after the occurrence in question." The jury was instructed that "`Market value' means the amount that would be paid in cash by a willing buyer who desires to buy, but is not required [to] buy, to a willing seller who desires to sell, but is under no necessity of selling." The jury answered $8230.55.
State Farm's evidence in support of damages consisted of two affidavits and their attachments, which were admitted without objection.[1] In one of the affidavits, Chris Sorenson, an employee of State Farm stated,
In the opinion of State Farm Insurance and in my opinion, based upon the experience and expertise of the adjuster, and based upon the records that are maintained by State Farm Insurance in the *543 normal course of business, reasonable damages for the vehicle in Dallas County, Texas, are $8230.55, after considering the salvage value or alternaively [sic], cost the same sum to repair.
The second affidavit was by Vincent Belmares, an employee of Sewell Collision Center, who estimated the cost to repair the vehicle. Belmares stated,
The service I provided determined that after the collision of the vehicle it was considered a total loss in view of the type of vehicle, the age of the vehicle, the damage to the vehicle, and the relationship of the amount of damages to the vehicle to its value after the collision.
Attached to Belmares's affidavit was the estimate showing it would cost $6080.80 to repair the vehicle.
Attached to Sorenson's affidavit was a N.A.D.A. valuation of the vehicle for $8900. Other attachments showed State Farm determined the pre-accident "market value" by adding tax and unidentified fees to the $8900 N.A.D.A. value to reach an "Actual Cash Value" of $9535.55. State Farm asserts its net proceeds from the sale of the car constitutes the post-accident market value. The attachments to Sorenson's affidavit show State Farm determined its net proceeds by taking the amount it sold the car for, $1700, and subtracting $272 for the cost to estimate the necessary repairs to the vehicle and $125 service charges for "pooling charge," "tow in," and "drive-thru sale" yielding net proceeds of $1303. The difference between these pre- and post-accident values is $8232.55, which is two dollars more than the amount State Farm sought and received.
In reviewing rulings on motions for directed verdicts and judgment notwithstanding the verdict, appellate courts apply the no-evidence standard. See City of Keller v. Wilson, 168 S.W.3d 802, 823 (Tex.2005); Byrd v. Delasancha, 195 S.W.3d 834, 836 (Tex.App.-Dallas 2006, no pet.); Steinberg v. Comm'n for Lawyer Discipline, 180 S.W.3d 352, 355 (Tex.App.-Dallas 2005, no pet.). The court reviews the evidence and must credit the favorable evidence if reasonable jurors could and disregard the contrary evidence unless reasonable jurors could not. Wilson, 168 S.W.3d at 827. A challenge to the legal sufficiency of evidence will be sustained when, among other things, the evidence offered to establish a vital fact does not exceed a scintilla. Kroger Tex. Ltd. P'ship v. Suberu, 216 S.W.3d 788, 793 (Tex.2006). Evidence does not exceed a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" that the fact exists. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex.2004) (quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex.1983)).
In this case, Adams asserts there is no evidence of either pre- or post-accident market value. We disagree. Attached to Sorenson's affidavit was an attachment listing the N.A.D.A. value of the car as $8900. N.A.D.A. valuations are accepted as evidence of the value of a vehicle. See Behar v. Patrick, 680 S.W.2d 36, 40-41 (Tex.App.-Amarillo 1984, no writ). Accordingly, we conclude there is some evidence of the vehicle's pre-accident value.
As for post-market value, the record shows the car was "Sold Via Internet Bid" for $1700. It appears the sale was to an automobile dealership in Colorado on February 12, 2003. Nothing in the record indicates that State Farm was under any necessity to sell the car or that the purchaser was required to buy the car. Adams argues that the sale price of the vehicle should not be considered evidence of its market value. We disagree. The price at which property sells is some evidence of market value as long as nothing *544 indicates the sale was in any way out of the ordinary. See SPT Fed. Credit Union v. Big H Auto Auction, Inc., 761 S.W.2d 800, 801 (Tex.App.-Houston [1st Dist.] 1988, no writ); Gulf, C. & S.F. Ry. Co. v. Hillis, 320 S.W.2d 687, 691 (Tex.Civ.App.-Waco 1959, no writ); cf. SPT Fed. Credit Union, 761 S.W.2d at 801-02 (price at which property sold in foreclosure sale is not evidence of fair market value because sale is not a free one between willing buyer and willing seller); Price v. Gulf Atlantic Life Ins. Co., 621 S.W.2d 185, 187 (Tex.Civ.App.-Texarkana 1981, writ ref'd n.r.e.) (same). In this case, the sale of the vehicle was not a forced sale, and the record contains no evidence that the sale was in any way out of the ordinary. We conclude the $1700 sale price is some evidence of the post-accident value of the vehicle. We overrule Adams's second issue.[2]
In his third and fourth issues, Adams contends the affidavits provide no evidence of market value because there are no expert opinions of the value of the vehicle before and after the accident. Adams argues that Sorenson's statements about the amount of damages is not evidence because the record does not show he is an expert in valuation and the affidavit does not identify the "adjuster" mentioned in the affidavit. Adams asserts that Belmares's testimony concerns the cost to repair the vehicle, not its value. In this case, the evidence of market value does not come from the text of the two affidavits but from the attachments to Sorenson's affidavit, which were admitted without objection. As discussed above, the attachments to Sorenson's affidavit containing the N.A.D.A. retail value is some evidence of the pre-accident market value. Likewise, the attachment showing the post-accident sale price of the vehicle is some evidence of its post-accident market value. We overrule Adams's third and fourth issues.
In the fifth issue, Adams contends the affidavits are not competent evidence because they were admitted under section 18.001 of the civil practice and remedies code but do not concern the cost and necessity of service. Section 18.001 permits a party to prove the cost, reasonableness, and necessity of a service by timely filing an affidavit in the correct form. See TEX. CIV. PRAC. & REM.CODE ANN. §§ 18.001,002 (Vernon 1997). Adams did not object to the admission of the affidavits. If Adams is correct that the affidavits did not qualify for admission under section 18.001, then the affidavits were hearsay. See Hong v. Bennett, 209 S.W.3d 795, 800 (Tex.App.-Fort Worth 2006, no pet.) (section 18.001 permits the use of otherwise inadmissible hearsay). However, "[i]nadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay." TEX.R. EVID. 802. Thus, any failure of the affidavits to meet the requirements of section 18.001 goes to the admissibility of the affidavits, not their competence. We overrule Adams's fifth point of error.
We affirm the trial court's judgment.
NOTES
[1] This case is before us on a partial reporter's record. See TEX.R.APP. P. 34.6(c). The two affidavits and their attachments are the only evidence before us that was admitted at the trial. The partial reporter's record also contains Adams's motion for directed verdict, his objections to the charge, and the argument on the motion for judgment notwithstanding the verdict and motion for new trial. Pursuant to rule 34.6(c)(4), we must presume the partial reporter's record constitutes the entire record for the purpose of considering the issues on appeal and that the omitted portions are irrelevant. TEX.R.APP. P. 34.6(c)(4); In re E.A.C., 162 S.W.3d 438, 441 (Tex.App.-Dallas 2005, no pet.).
[2] Adams does not argue that the evidence is factually insufficient. Cf. Metal Window Prods. Co. v. Nored, 535 S.W.2d 711, 713 (Tex.Civ.App.-Beaumont 1976, no writ) (evidence of sale price of car was legally sufficient but factually insufficient to establish "reasonable cash market value" of automobile). Accordingly, we express no opinion on whether the evidence is factually sufficient to support the jury's finding of $8230.55 in damages.